1 | **JOSEPH R. TAYLOR** (SBN 129933)
**JEREMY S. GOLDMAN** (SBN 306943)
2 | **AZITA M. ISKANDAR** (SBN 280749)
**FRANKFURT KURNIT KLEIN & SELZ, P.C.**
3 | 2029 Century Park East, Suite 1060
Los Angeles, California 90067
4 | Telephone: (310) 579-9600
Facsimile: (347) 438-2156
5 | E-Mail: jtaylor@fkks.com
         jgoldman@fkks.com
6 |        aiskandar@fkks.com

7 | Attorneys for Defendants CLOUD IMPERIUM GAMES CORP.
and ROBERTS SPACE INDUSTRIES CORP.

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYTEK GMBH, | Case No. 2:17-CV-08937 |
| vs. | [HON. DOLLY M. GEE] |
| CLOUD IMPERIUM GAMES CORP. and ROBERTS SPACE INDUSTRIES CORP., | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR A PROTECTIVE ORDER CONTROLLING TIMING AND SCOPE OF DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS** |
| Defendants. | |
| | Date:  April 13, 2018 |
| | Time: 9:30 a.m. |
| | Courtroom:  8C |

# **TABLE OF CONTENTS**

I.      INTRODUCTION …………………………………………………………………1

II.     STATEMENT OF FACTS AND PROCEDURAL BACKGROUND …………….2

     A.      CIG licenses CryEngine to develop *Star Citizen* and *SQ42*………....…….2

     B.      Crytek sues CIG and RSI based on a pleading replete with deficiencies. ……………………………….................................... 2

     C.      Defendants move to dismiss the FAC. …………….................................. 3

     D.      Crytek jumps the gun on discovery. ……………….............................. 3

     E.      Crytek rejects Defendants' proposal to commence discovery after the Court rules on the pending motion to dismiss. ……………………….... 5

III.    ARGUMENT ……………………………………………………………………6

     A.      The just, speedy and inexpensive adjudication of this action mandates a stay of discovery pending resolution of Defendants' motion to dismiss. ………………………………………….................................. 6

     B.      Permitting discovery before resolution of the motion to dismiss would be unduly burdensome for Defendants and inefficient for the Court. .......... 8

     C.      Plaintiff will not be prejudiced by a short stay while the Court decides Defendants' motion to dismiss. …………………….......................... 9

     D.      If the Court declines to stay discovery pending resolution of Defendants' motion to dismiss, Defendants request a conference before the Court to discuss the orderly administration of discovery in this matter. ……………………………………....................................... 10

IV.     CONCLUSION..................................................................11

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anti-Monopoly, Inc. v. Hasbro, Inc.*,
  No. 94-Civ-2120-LMM, 1996 WL 101277 (S.D. N.Y. Mar. 7, 1996)..................9

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007).......................................................................................8, 9

*Chudasama v. Mazda Motor Corp.*,
  123 F.3d 1353 (11th Cir. 1997) ...........................................................................9

*Good v. Prudential Ins. Co. of Am.*,
  5 F. Supp. 2d 804 (N.D. Cal. 1998) .....................................................................6

*In re Graphics Processing Units Antitrust Litigation*,
  No. C 06-07417-WHA, 2007 WL 2127577 (N.D. Cal. July 24, 2007)...........8, 10

*GTE Wireless, Inc. v. Qualcomm, Inc.*,
  192 F.R.D. 284 (S.D. Cal. 2000) .........................................................................7

*Hall v. Tilton*,
  No. C 07-3233-RMW, 2010 WL 539679 (N.D. Cal. Feb. 9, 2010) .......................7

*Jarvis v. Regan*,
  833 F.2d 149 (9th Cir. 1987) ...............................................................................7

*Little v. City of Seattle*,
  863 F.2d 681 (9th Cir. 1988) ...............................................................................6

*Lowery v. F.A.A.*,
  No. CIV.S93-1352-EJG, 1994 WL 912632 (E.D. Cal. April 11, 1994)..................7

*Mlejnecky v. Olympus Imaging America, Inc.*,
  No. 10 Civ. 2630, 2011 WL 489743 (E.D. Cal. Feb. 7, 2011) ..............................7

*Rutman Wine Co. v. E. & J. Gallo Winery*,
  829 F.2d 729 (9th Cir. 1987) ...............................................................................7

*Wenger v. Monroe*,
  282 F.3d 1068 (9th Cir. 2002) .............................................................................6

*Wood v. McEwen*,
  644 F.2d 797 (9th Cir. 1981) (per curiam)............................................................6

**Other Authorities**

Fed. R. Civ. P. 1 ...................................................................................................6

Fed. R. Civ. P. 12(b)(6) .......................................................................................7

Fed. R. Civ. P. 26(c)(1)(B) .................................................................................6

Fed. R. Civ. P. 26(d)(1) .......................................................................................4

Local Rule 7-3 ......................................................................................................6

# I.    INTRODUCTION

For the last five and half years, Defendants Cloud Imperium Games Corp. and Roberts Space Industries Corp. have been developing a multiplayer science fiction video game of unprecedented scale through funding raised in a successful public crowdfunding campaign.  In this lawsuit, Crytek has asserted a series of contrived claims against Defendants, all of which Defendants have moved to dismiss for failure to state a claim based primarily on the terms of the Game License Agreement ("GLA"), concealed by Crytek in both of its pleadings, that expressly authorize Defendants' conduct which Crytek alleges to be wrongful.  The pending motion to dismiss, if granted, could and should dispose of all of Crytek's claims.  If any portions survive, the parameters of this lawsuit, which are impossible for Defendants to discern based upon the fragmented and internally-inconsistent series of allegations comprising the FAC, likely will dramatically narrow.

Nevertheless, Crytek has barreled ahead with the broadest possible discovery, designed to be as intrusive and expensive as possible, propounding a litany of onerous demands even before the statutorily-mandated time for the commencement of discovery.  These demands all relate either to no claim in the FAC or to claims that should be dismissed by the Court.  Recognizing the absence of any merit to its claims, Crytek instead hopes to inflict damage upon Defendants by abusing the discovery process.  At a minimum, the Court should determine whether Crytek's claims are even viable (and if so, what their parameters are) before Crytek is entitled to proceed with such wasteful and expensive discovery.

Crytek refuses to consider or discuss a stay or other orderly management of the scope and scheduling for discovery pending a decision on the fully-briefed motion to dismiss, where the boundaries of this lawsuit will be defined, despite the absence of any prejudice that a stay would cause to Crytek.  Defendants thus are forced to move for

1 practical protective relief to bring sense and order to otherwise sprawling, expensive, and

2 unnecessary discovery.

3 **II.     STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**

4       **A.     CIG licenses CryEngine to develop *Star Citizen* and *SQ42*.**

5       CIG is developing a multi-player video game called *Star Citizen* and its related

6 single-player game called *Squadron 42* ("*SQ42*").  On November 20, 2012, CIG and

7 Crytek entered into the GLA (concealed by Crytek in its two pleadings), granting CIG the

8 exclusive right to use Crytek's game engine, called "CryEngine," for exactly these

9 purposes.  In December 2016, CIG announced that it had begun to use another game

10 engine, licensed to CIG by Amazon, called "Lumberyard" for both its *Star Citizen* and

11 *SQ42* games.

12       **B.     Crytek sues CIG and RSI based on a pleading replete with deficiencies.**

13       Crytek commenced this action against CIG and RSI on December 12, 2017 and

14 filed its FAC on January 2, 2018.  The FAC purports to assert two claims against CIG

15 and RSI:  breach of the contract that Crytek did not attach to the FAC and copyright

16 infringement of CryEngine by some unspecified work or works.  Defendants are unable

17 to understand Crytek's allegations based on the current operative pleading and in light of

18 the plain language of the GLA, which contradicts virtually all of Crytek's claims.  It is

19 not clear whether Crytek sued Defendants for ***not*** using CryEngine, for ***using*** CryEngine,

20 or both.  It also is not clear why Crytek sued RSI for breaching a contract to which RSI is

21 not a party.

22       Crytek complains that Defendants are ***not using*** CryEngine and switched to

23 Lumberyard, even though the GLA grants CIG a ***license***, not an obligation, to use

24 CryEngine.  At the same time, Crytek complains that Defendants ***are using*** CryEngine to

25 develop *SQ42*, even though the GLA expressly allows just that.  Crytek further complains

26 about Defendants' announcement that *SQ42* would be distributed as a standalone game,

27 but the very documents incorporated by reference into the FAC establish that Defendants

28

are using *Lumberyard* to develop *SQ42* and, in any event, *SQ42* has not yet been distributed at all, either with or without *Star Citizen*.  Crytek also complains about Defendants not using Crytek's copyright and trademark notices for a game that uses Amazon's licensed engine.

Crytek tacks on several additional fragmented allegations, each of which is equally confusing and baseless.  Crytek contends that Defendants failed to deliver certain bug fixes, while knowing that Defendants tendered them years ago and recently delivered them to Crytek.  Crytek complains about Defendants posting instructional videos called "Bugsmashers" that purportedly display Crytek's source code, but fails to identify the videos or code at issue.  Crytek also ignores that any use of the source code likely is *de minimis*, fair use and duplicative of source code already available to the public.  Finally, Crytek complains about Defendants granting third-party developer Faceware Technologies access to Crytek's source code, but this is simply not true and Crytek's "information and belief" for contending otherwise is baseless.

**C.    Defendants move to dismiss the FAC.**

Defendants should not have to guess at what is at issue in this case, but the fragments found in the FAC do not support claims for breach of contract or copyright infringement.  Accordingly, on January 5, 2018, Defendants moved to dismiss the FAC in its entirety, showing the Court the GLA.  ECF 19.

The motion was fully briefed as of January 26, 2018.  ECF 25, 26.  On February 8, 2018, the Court entered an order finding that the motion to dismiss, which was scheduled for hearing on February 9, 2018, is appropriate for a decision without oral argument and the Court took the motion under submission.  ECF 27.

**D.    Crytek jumps the gun on discovery.**

Rather than attempting to amend its pleading to correct the numerous deficiencies with the FAC highlighted in the motion to dismiss or awaiting the Court's determination, Crytek revealed that its strategy is instead to inundate Defendants with unlimited

1  discovery demands designed to distract Defendants and waste their resources without
2  justification.  Despite Rule 26(d)(1)'s provision that "[a] party may not seek discovery
3  from any source before the parties have conferred as required by Rule 26(f)," Crytek
4  attempted to serve Defendants' counsel with Crytek's Initial Disclosures, First Set of
5  Requests for Production ("RFPs"), and First Set of Interrogatories ("ROGs") on January
6  19, 2018, in the middle of the briefing schedule for Defendants' motion to dismiss,
7  without the Court having set an initial Scheduling Conference, and before the parties held
8  their Rule 26(f) conference (which took place on February 13, 2018).

9       The sheer overbreadth, unlimited scope and intrusiveness of the requests
10  underscores the need for a stay of discovery while the contours of this lawsuit are
11  defined.  The RFPs include sixty-nine (69) document requests seeking virtually every
12  document or communication on a vast range of topics including, without limitation (a)
13  nearly every aspect of the development and marketing of *Star Citizen* and *SQ42*; (b)
14  Defendants' business dealings with third parties unrelated to any claim or defense at issue
15  (including license agreements between Defendants and third parties); (c) Defendants'
16  agreements with their past, present, or potential suppliers, contractors, and customers; (d)
17  Defendants' business structures and employees (including employment agreements and
18  personnel files); (e) the ownership interests of Defendants' officers and all of their past
19  and present shareholders; (f) the names and roles of all employees or contractors involved
20  in the development of any products ever developed by Defendants; (g) the corporate
21  structures of various companies related to Defendants; (h) Defendants' fundraising
22  efforts, including the funds, contributions, or support provided to Defendants by any
23  persons; (i) Defendants' financial statements, tax returns, and profits and revenue
24  information for each fiscal year and quarter going back to Defendants' inceptions; (j)
25  investment memoranda pertaining to Defendants and any products ever developed by
26  Defendants, and (k) all versions of any source code for any products ever developed by

27
28

---

Defendants and any game engines used by Defendants. *See* Exhibit A to the Declaration of Jeremy S. Goldman filed herewith ("Goldman Decl.").

The ROGs, though styled as a single request, are equally overbroad and abusive, seeking detailed technical information about every "version" of every "build" of every "product" ever created by Defendants or by a long list of people associated with Defendants. *See id.*, Exhibit B. Collecting this data would require Defendants to undertake a wasteful and burdensome task that likely will be mooted, or at least significantly narrowed, by the disposition of Defendants' motion to dismiss.

Crytek's portion of the Joint Rule 26(f) Report [ECF 28] further highlights the problems with allowing discovery to proceed at this stage. For example, Crytek states that it plans to seek discovery on subjects including the "revenue, profits, and crowdfunding obtained by Defendants" – financial subjects that have no relevance to Crytek's breach of contract or copyright infringement claims, but that are designed to be as intrusive and burdensome as possible to Defendants.

**E.      Crytek rejects Defendants' proposal to commence discovery after the Court rules on the pending motion to dismiss.**

The parties conducted their Rule 26(f) conference on February 13, 2018. During the conference, Defendants explained their view that, in the interest of maximizing efficiency for the parties and the Court, it would make sense for the parties to agree to commence discovery after the Court rules on the pending motion to dismiss and the contours of the claims and issues remaining in this case, if any, are solidified. Goldman Decl. ¶ 6. Crytek refused even to discuss Defendants' proposal, without explanation, instead robotically reading aloud from the draft joint report. *Id.* at ¶ 7. Defendants expressed their intent to file a motion for a protective order if Crytek would not stipulate to a reasonable postponement or any other sensible management of discovery, and indicated that they would consider the conversation to constitute their meet and confer in accordance with Local Rule 7-3. *Id.* at ¶ 8. Crytek acknowledged that the discussion

1   satisfied the Rule 7-3 requirement, and told Defendants to make their motion.  *Id.* at ¶ 9.

2   This motion followed.  As of this filing, no trial date or discovery deadlines have been set

3   by the Court.

4   **III.   ARGUMENT**

5   **A.   The just, speedy and inexpensive adjudication of this action mandates a**

6   **stay of discovery pending resolution of Defendants' motion to dismiss.**

7   The Federal Rules of Civil Procedure are designed "to secure the just, speedy, and

8   inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  To

9   achieve that goal, the Court has wide discretion to issue "an order to protect a party or

10   person from . . . undue burden or expense," including an order "specifying terms,

11   including time and place, for the disclosure or discovery[.]"  Fed. R. Civ. P. 26(c)(1)(B);

12   *see Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (court has "wide discretion

13   in controlling discovery").  The Court's power to stay discovery in appropriate cases is

14   "incidental to the power inherent in every court to control the disposition of the causes on

15   its docket with economy of time and effort for itself, for counsel, and for litigants."  *Good*

16   *v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 806 (N.D. Cal. 1998) (citing *Landis v.*

17   *N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).

18   A stay of discovery is appropriate where, as here, a dispositive motion is pending.

19   *See Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's

20   grant of protective order staying discovery pending resolution of motion to dismiss for

21   failure to state a claim); *Wood v. McEwen*, 644 F.2d 797, 801-02 (9th Cir. 1981) (per

22   curiam) (affirming district court's grant of protective order staying discovery in light of a

23   pending motion to dismiss for failure to state a claim).  The Ninth Circuit recognizes that

24   the "purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal

25   sufficiency of complaints *without* subjecting themselves to discovery."  *Rutman Wine*

26   *Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (emphasis added).  Thus,

27

28

---

MEM. OF PTS. AND AUTHORITIES ISO DEFENDANTS' MOTION FOR A PROTECTIVE
ORDER CONTROLLING TIMING AND SCOPE OF DISCOVERY PENDING RESOLUTION OF
MOTION TO DISMISS

courts should "determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Id.*

District courts in California use a two-pronged test to determine whether a protective order staying discovery should issue while other motions are pending:  "First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed.  And second, the Court must determine whether the pending dispositive motion can be decided absent discovery."  *Hall v. Tilton*, No. C 07-3233-RMW, 2010 WL 539679, *2 (N.D. Cal. Feb. 9, 2010); *see also Lowery v. F.A.A.,* No. CIV.S93-1352-EJG, 1994 WL 912632, *3 (E.D. Cal. April 11, 1994).

Here, the motion to dismiss, if granted, would dispose of Crytek's entire case or, if granted only in part, would narrow the issues at stake in this litigation.  Moreover, there is a significant likelihood that Defendants will succeed on their motion to dismiss, either in whole or in part, given the numerous deficiencies with the FAC, the plain language of the GLA precluding virtually every one of Crytek's claims, and documents incorporated by reference into the FAC that directly contradict the allegations in Crytek's pleading. *See GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 286 (S.D. Cal. 2000) (court considered whether there appeared to be "an immediate and clear possibility" that motion would be granted after taking "preliminary peek" at the merits of the motion).  Finally, the Motion can be decided without resort to discovery.  *See Jarvis v. Regan,* 833 F.2d 149, 155 (9th Cir. 1987) (affirming district court's order staying discovery pending a hearing on motion to dismiss, holding that "[d]iscovery is only appropriate where there are factual issues raised by a Rule 12(b) motion"); *Mlejnecky v. Olympus Imaging America, Inc.*, No. 10 Civ. 2630, 2011 WL 489743, at *6-7 (E.D. Cal. Feb. 7, 2011) (in considering a stay of discovery, court considered whether motion was dispositive and could be resolved without additional discovery).

MEM. OF PTS. AND AUTHORITIES ISO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER CONTROLLING TIMING AND SCOPE OF DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS

7

**B.   Permitting discovery before resolution of the motion to dismiss would be unduly burdensome for Defendants and inefficient for the Court.**

In *Twombly*, the Supreme Court held that a plaintiff should present viable claims in a complaint before the plaintiff is entitled to proceed with burdensome and expensive discovery.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558-59 (2007) (when the allegations in a complaint cannot "raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court"; internal quotations omitted).  The Court recognized that subjecting defendants to intrusive discovery without a viable pleading is inherently unfair, especially since the vast majority of litigation costs arise from discovery.  *Id.*

As in *Twombly*, this case involves complex litigation where discovery will be extensive, burdensome, and costly.  Indeed, Crytek's FAC alleges at least five different theories of liability against Defendants, the crux of which attempts to put at issue Defendants' use (and non-use) of Crytek's game engine source code in Defendants' source code underlying *Star Citizen* and *SQ42*.  That source code comprises *millions* of lines of code that, over the course of the last six years, have evolved and been compiled into hundreds of different "builds."  As discussed above, Crytek has already sought to capitalize on this complexity by prematurely inundating Defendants with extensive and all-encompassing discovery demands, in an attempt to inflict maximum damage upon Defendants by distracting them from game development and wasting their resources.  Staying discovery while the motion to dismiss is pending will allow Defendants to avoid unnecessarily incurring these costs until "[a]fter full ventilation of the viability *vel non* of the complaint," when "we will all be in a much better position to evaluate how much, if any discovery to allow."  *In re Graphics Processing Units Antitrust Litigation*, No. C 06-07417-WHA, 2007 WL 2127577, *5 (N.D. Cal. July 24, 2007) (staying discovery pending resolution of a motion to dismiss).

1    The Court should determine whether Crytek's claims are even viable (and if so,

2    what their parameters are) before Crytek is entitled to proceed with burdensome and

3    expensive discovery.  *Twombly*, 550 U.S. at 558-59; *see Anti-Monopoly, Inc. v. Hasbro,*

4    *Inc.*, No. 94-Civ-2120-LMM, 1996 WL 101277, *3 (S.D. N.Y. Mar. 7, 1996) (granting

5    stay of discovery and noting that the discovery requests already propounded were "quite

6    extensive" and would be "totally unnecessary" if defendant prevailed on its pending Rule

7    12 motion); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir.

8    1997) ("Allowing a case to proceed through the pretrial processes with an invalid claim

9    that increases the costs of the case does nothing but waste the resources of the litigants in

10   the action before the court, delay resolution of disputes between other litigants, squander

11   scarce judicial resources, and damage the integrity and the public's perception of the

12   federal judicial system.").

13       **C.    Plaintiff will not be prejudiced by a short stay while the Court decides**

14            **Defendants' motion to dismiss.**

15       In contrast to the enormous and, in all likelihood, wasteful exercise that will be

16   imposed upon Defendants if discovery is allowed to proceed without limitation at this

17   juncture, Crytek will suffer no prejudice by a stay of discovery while the motion to

18   dismiss is pending.

19       Defendants' motion to dismiss is fully briefed and has been taken under

20   submission by the Court.  Once the Court decides the motion, the parties will know

21   which of Crytek's claims, if any, will be permitted to proceed, and in what form.  No trial

22   date or discovery deadlines have been set by the Court.  There is no urgency to Crytek's

23   discovery.  If the Court determines that any of Crytek's theories of liability in the FAC

24   state a claim for relief, all of the documents and information to which Crytek is thereby

25   entitled through discovery have been preserved.  Thus, Plaintiff will not be prejudiced by

26   a short stay while the Court decides the motion. *See In re Graphics Processing*, 2007

27

28

1   WL 2127577, *5 ("[W]e have no urgent need for immediate discovery.  We have time

2   enough to critique the complaint and to then consider the best course for discovery.").

3        **D.**    **If the Court declines to stay discovery pending resolution of Defendants'**

4                   **motion to dismiss, Defendants request a conference before the Court to**

5                   **discuss the orderly administration of discovery in this matter.**

6        In the event that the Court declines to grant a protective order staying

7   commencement of discovery pending resolution of Defendants' motion to dismiss,

8   Defendants request a conference before the Court so that the parties and the Court may

9   discuss the orderly administration of discovery in this matter, including the issues raised

10   by Defendants in the parties' Joint Rule 26(f) Report [ECF 28].  These issues include

11   Defendants' request that, in the event that any claims remain for adjudication following

12   the Court's ruling on the motion to dismiss, the Court bifurcate discovery into two phases

13   (discovery regarding liability and, only if necessary, discovery regarding damages).  To

14   date, Crytek has been unwilling to agree to any reasonable limitations on the timing or

15   scope of discovery.  A conference before the Court will allow the parties to develop a

16   controlled and appropriate discovery plan that comports with the needs of this case, rather

17   than subjecting Defendants to the costly and burdensome discovery free-for-all urged by

18   Crytek.

19   ///

20   ///

**IV.    CONCLUSION**

For the reasons stated herein, the Court should enter a protective order staying discovery in this matter until the Court decides Defendants' motion to dismiss and the claims remaining in the lawsuit, if any, are determined.  If the Court declines to grant such a protective order, Defendants request a conference before the Court so that the parties and the Court may discuss the orderly administration of discovery in this matter.

Dated: March 9, 2018                    FRANKFURT KURNIT KLEIN & SELZ P.C.

BY:  */s/ Jeremy S. Goldman*
        Joseph R. Taylor (SBN 129933)
        Jeremy S. Goldman (SBN 306943)
        Azita M. Iskandar (SBN 280749)
        2029 Century Park East, Suite 1060
        Los Angeles, California 90067
        Telephone: (310) 579-9600
        Facsimile: (347) 438-2156
        E-Mail:jtaylor@fkks.com
                jgoldman@fkks.com
                aiskandar@fkks.com

Attorneys for Defendants CLOUD IMPERIUM GAMES CORP. and ROBERTS SPACE INDUSTRIES CORP.