1  **JOSEPH R. TAYLOR** (SBN 129933)
   **JEREMY S. GOLDMAN** (SBN 306943)
2  **AZITA M. ISKANDAR** (SBN 280749)
   **FRANKFURT KURNIT KLEIN & SELZ, P.C.**
3  2029 Century Park East, Suite 1060
   Los Angeles, California 90067
4  Telephone: (310) 579-9600
   Facsimile: (347) 438-2156
5  E-Mail: jtaylor@fkks.com
            jgoldman@fkks.com
6           aiskandar@fkks.com

7  Attorneys for Defendants CLOUD IMPERIUM GAMES CORP.
   and ROBERTS SPACE INDUSTRIES CORP.

8
                   **UNITED STATES DISTRICT COURT**
9
                   **CENTRAL DISTRICT OF CALIFORNIA**
10

11 CRYTEK GMBH,                         )   Case No. 2:17-CV-08937
                                        )
12 vs.                                  )   [HON. FREDERICK F. MUMM]
                                        )
   CLOUD IMPERIUM GAMES CORP. and       )   **MEMORANDUM OF POINTS**
13 ROBERTS SPACE INDUSTRIES CORP.,      )   **AND AUTHORITIES IN**
                                        )   **SUPPORT OF DEFENDANTS'**
14        Defendants.                   )   **MOTION FOR A PROTECTIVE**
                                        )   **ORDER CONTROLLING TIMING**
15                                      )   **AND SCOPE OF DISCOVERY**
                                        )   **PENDING RESOLUTION OF**
16                                      )   **MOTION TO DISMISS**
                                        )
17                                      )   Date:  April 17, 2018
                                        )   Time: 10:00 a.m.
18                                      )   Courtroom:  580
                                        )
19                                      )
   _____)
20

21

22

23

24

25

26

27

28

_____
MEM. OF PTS. AND AUTHORITIES ISO DEFENDANTS' MOTION FOR A PROTECTIVE
ORDER CONTROLLING TIMING AND SCOPE OF DISCOVERY PENDING RESOLUTION OF
MOTION TO DISMISS

# **TABLE OF CONTENTS**

I.  INTRODUCTION ……………………………………………………………1

II.  STATEMENT OF FACTS AND PROCEDURAL BACKGROUND ……………2

    A.  CIG licenses CryEngine to develop *Star Citizen* and *SQ42*…………...……2

    B.  Crytek sues CIG and RSI based on a pleading replete with deficiencies. …………………………………….......................................... 2

    C.  Defendants move to dismiss the FAC. …………….................................... 3

    D.  Crytek jumps the gun on discovery. …………….................................... 3

    E.  Crytek rejects Defendants' proposal to commence discovery after the Court rules on the pending motion to dismiss. ……………………….......5

III.  ARGUMENT ……………………………………………………………6

    A.  The just, speedy and inexpensive adjudication of this action mandates a stay of discovery pending resolution of Defendants' motion to dismiss. …………………………………….......................................... 6

    B.  Permitting discovery before resolution of the motion to dismiss would be unduly burdensome for Defendants and inefficient for the Court. .......... 8

    C.  Plaintiff will not be prejudiced by a short stay while the Court decides Defendants' motion to dismiss. …………………….......................................... 9

    D.  If the Court declines to stay discovery pending resolution of Defendants' motion to dismiss, Defendants request a conference before the Court to discuss the orderly administration of discovery in this matter. …………………………………….......................................... 10

IV.  CONCLUSION...................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anti-Monopoly, Inc. v. Hasbro, Inc.*,
  No. 94-Civ-2120-LMM, 1996 WL 101277 (S.D. N.Y. Mar. 7, 1996)...................9

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)..................................................................8, 9

*Chudasama v. Mazda Motor Corp.*,
  123 F.3d 1353 (11th Cir. 1997) ...............................................9

*Good v. Prudential Ins. Co. of Am.*,
  5 F. Supp. 2d 804 (N.D. Cal. 1998) .........................................6

*In re Graphics Processing Units Antitrust Litigation*,
  No. C 06-07417-WHA, 2007 WL 2127577 (N.D. Cal. July 24, 2007)....................8, 10

*GTE Wireless, Inc. v. Qualcomm, Inc.*,
  192 F.R.D. 284 (S.D. Cal. 2000) ..............................................7

*Hall v. Tilton*,
  No. C 07-3233-RMW, 2010 WL 539679 (N.D. Cal. Feb. 9, 2010) ................7

*Jarvis v. Regan*,
  833 F.2d 149 (9th Cir. 1987) ..................................................7

*Little v. City of Seattle*,
  863 F.2d 681 (9th Cir. 1988) ..................................................6

*Lowery v. F.A.A.*,
  No. CIV.S93-1352-EJG, 1994 WL 912632 (E.D. Cal. April 11, 1994)............7

*Mlejnecky v. Olympus Imaging America, Inc.*,
  No. 10 Civ. 2630, 2011 WL 489743 (E.D. Cal. Feb. 7, 2011) .................7

*Rutman Wine Co. v. E. & J. Gallo Winery*,
  829 F.2d 729 (9th Cir. 1987) ..................................................7

*Wenger v. Monroe*,
  282 F.3d 1068 (9th Cir. 2002) ................................................6

*Wood v. McEwen*,
  644 F.2d 797 (9th Cir. 1981) (per curiam)..................................6

**Other Authorities**

Fed. R. Civ. P. 1 ..................................................................................................6

Fed. R. Civ. P. 12(b)(6) .......................................................................................7

Fed. R. Civ. P. 26(c)(1)(B) .................................................................................6

Fed. R. Civ. P. 26(d)(1) .......................................................................................4

---

MEM. OF PTS. AND AUTHORITIES ISO DEFENDANTS' MOTION FOR A PROTECTIVE
ORDER CONTROLLING TIMING AND SCOPE OF DISCOVERY PENDING RESOLUTION OF
MOTION TO DISMISS

## I.   INTRODUCTION

For the last five and half years, Defendants Cloud Imperium Games Corp. and Roberts Space Industries Corp. have been developing a multiplayer science fiction video game of unprecedented scale through funding raised in a successful public crowdfunding campaign.  In this lawsuit, Crytek has asserted a series of contrived claims against Defendants, all of which Defendants have moved to dismiss for failure to state a claim based primarily on the terms of the Game License Agreement ("GLA"), concealed by Crytek in both of its pleadings, that expressly authorize Defendants' conduct which Crytek alleges to be wrongful.  The pending motion to dismiss, if granted, could and should dispose of all of Crytek's claims.  If any portions survive, the parameters of this lawsuit, which are impossible for Defendants to discern based upon the fragmented and internally-inconsistent series of allegations comprising the FAC, likely will dramatically narrow.

Nevertheless, Crytek has barreled ahead with the broadest possible discovery, designed to be as intrusive and expensive as possible, propounding a litany of onerous demands even before the statutorily-mandated time for the commencement of discovery. These demands all relate either to no claim in the FAC or to claims that should be dismissed by the Court.  Recognizing the absence of any merit to its claims, Crytek instead hopes to inflict damage upon Defendants by abusing the discovery process.  At a minimum, the Court should determine whether Crytek's claims are even viable (and if so, what their parameters are) before Crytek is entitled to proceed with such wasteful and expensive discovery.

Crytek refuses to consider or discuss a stay or other orderly management of the scope and scheduling for discovery pending a decision on the fully-briefed motion to dismiss, where the boundaries of this lawsuit will be defined, despite the absence of any prejudice that a stay would cause to Crytek.  Defendants thus are forced to move for

1  practical protective relief to bring sense and order to otherwise sprawling, expensive, and
2  unnecessary discovery.

3  **II.  STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**

4  **A.  CIG licenses CryEngine to develop *Star Citizen* and *SQ42*.**

5  CIG is developing a multi-player video game called *Star Citizen* and its related
6  single-player game called *Squadron 42* ("*SQ42*"). On November 20, 2012, CIG and
7  Crytek entered into the GLA (concealed by Crytek in its two pleadings), granting CIG the
8  exclusive right to use Crytek's game engine, called "CryEngine," for exactly these
9  purposes. In December 2016, CIG announced that it had begun to use another game
10  engine, licensed to CIG by Amazon, called "Lumberyard" for both its *Star Citizen* and
11  *SQ42* games.

12  **B.  Crytek sues CIG and RSI based on a pleading replete with deficiencies.**

13  Crytek commenced this action against CIG and RSI on December 12, 2017 and
14  filed its FAC on January 2, 2018. The FAC purports to assert two claims against CIG
15  and RSI:  breach of the contract that Crytek did not attach to the FAC and copyright
16  infringement of CryEngine by some unspecified work or works. Defendants are unable
17  to understand Crytek's allegations based on the current operative pleading and in light of
18  the plain language of the GLA, which contradicts virtually all of Crytek's claims. It is
19  not clear whether Crytek sued Defendants for *not* using CryEngine, for *using* CryEngine,
20  or both. It also is not clear why Crytek sued RSI for breaching a contract to which RSI is
21  not a party.

22  Crytek complains that Defendants are *not using* CryEngine and switched to
23  Lumberyard, even though the GLA grants CIG a *license*, not an obligation, to use
24  CryEngine. At the same time, Crytek complains that Defendants *are using* CryEngine to
25  develop *SQ42*, even though the GLA expressly allows just that. Crytek further complains
26  about Defendants' announcement that *SQ42* would be distributed as a standalone game,
27  but the very documents incorporated by reference into the FAC establish that Defendants

28

are using **Lumberyard** to develop *SQ42* and, in any event, *SQ42* has not yet been distributed at all, either with or without *Star Citizen*.  Crytek also complains about Defendants not using Crytek's copyright and trademark notices for a game that uses Amazon's licensed engine.

Crytek tacks on several additional fragmented allegations, each of which is equally confusing and baseless.  Crytek contends that Defendants failed to deliver certain bug fixes, while knowing that Defendants tendered them years ago and recently delivered them to Crytek.  Crytek complains about Defendants posting instructional videos called "Bugsmashers" that purportedly display Crytek's source code, but fails to identify the videos or code at issue.  Crytek also ignores that any use of the source code likely is *de minimis*, fair use and duplicative of source code already available to the public.  Finally, Crytek complains about Defendants granting third-party developer Faceware Technologies access to Crytek's source code, but this is simply not true and Crytek's "information and belief" for contending otherwise is baseless.

### C.    Defendants move to dismiss the FAC.

Defendants should not have to guess at what is at issue in this case, but the fragments found in the FAC do not support claims for breach of contract or copyright infringement.  Accordingly, on January 5, 2018, Defendants moved to dismiss the FAC in its entirety, showing the Court the GLA.  ECF 19.

The motion was fully briefed as of January 26, 2018.  ECF 25, 26.  On February 8, 2018, the Court entered an order finding that the motion to dismiss, which was scheduled for hearing on February 9, 2018, is appropriate for a decision without oral argument and the Court took the motion under submission.  ECF 27.

### D.    Crytek jumps the gun on discovery.

Rather than attempting to amend its pleading to correct the numerous deficiencies with the FAC highlighted in the motion to dismiss or awaiting the Court's determination, Crytek revealed that its strategy is instead to inundate Defendants with unlimited

MEM. OF PTS. AND AUTHORITIES ISO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER CONTROLLING TIMING AND SCOPE OF DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS

3

discovery demands designed to distract Defendants and waste their resources without justification.  Despite Rule 26(d)(1)'s provision that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," Crytek attempted to serve Defendants' counsel with Crytek's Initial Disclosures, First Set of Requests for Production ("RFPs"), and First Set of Interrogatories ("ROGs") on January 19, 2018, in the middle of the briefing schedule for Defendants' motion to dismiss, without the Court having set an initial Scheduling Conference, and before the parties held their Rule 26(f) conference (which took place on February 13, 2018).

The sheer overbreadth, unlimited scope and intrusiveness of the requests underscores the need for a stay of discovery while the contours of this lawsuit are defined.  The RFPs include sixty-nine (69) document requests seeking virtually every document or communication on a vast range of topics including, without limitation (a) nearly every aspect of the development and marketing of *Star Citizen* and *SQ42*; (b) Defendants' business dealings with third parties unrelated to any claim or defense at issue (including license agreements between Defendants and third parties); (c) Defendants' agreements with their past, present, or potential suppliers, contractors, and customers; (d) Defendants' business structures and employees (including employment agreements and personnel files); (e) the ownership interests of Defendants' officers and all of their past and present shareholders; (f) the names and roles of all employees or contractors involved in the development of any products ever developed by Defendants; (g) the corporate structures of various companies related to Defendants; (h) Defendants' fundraising efforts, including the funds, contributions, or support provided to Defendants by any persons; (i) Defendants' financial statements, tax returns, and profits and revenue information for each fiscal year and quarter going back to Defendants' inceptions; (j) investment memoranda pertaining to Defendants and any products ever developed by Defendants, and (k) all versions of any source code for any products ever developed by

MEM. OF PTS. AND AUTHORITIES ISO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER CONTROLLING TIMING AND SCOPE OF DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS

4

Defendants and any game engines used by Defendants.  *See* Exhibit A to the Declaration of Jeremy S. Goldman filed herewith ("Goldman Decl.").

The ROGs, though styled as a single request, are equally overbroad and abusive, seeking detailed technical information about every "version" of every "build" of every "product" ever created by Defendants or by a long list of people associated with Defendants.  *See id.*, Exhibit B.  Collecting this data would require Defendants to undertake a wasteful and burdensome task that likely will be mooted, or at least significantly narrowed, by the disposition of Defendants' motion to dismiss.

Crytek's portion of the Joint Rule 26(f) Report [ECF 28] further highlights the problems with allowing discovery to proceed at this stage.  For example, Crytek states that it plans to seek discovery on subjects including the "revenue, profits, and crowdfunding obtained by Defendants" – financial subjects that have no relevance to Crytek's breach of contract or copyright infringement claims, but that are designed to be as intrusive and burdensome as possible to Defendants.

## E.   Crytek rejects Defendants' proposal to commence discovery after the Court rules on the pending motion to dismiss.

The parties conducted their Rule 26(f) conference on February 13, 2018.  During the conference, Defendants explained their view that, in the interest of maximizing efficiency for the parties and the Court, it would make sense for the parties to agree to commence discovery after the Court rules on the pending motion to dismiss and the contours of the claims and issues remaining in this case, if any, are solidified.  Goldman Decl. ¶ 6.  Crytek refused even to discuss Defendants' proposal, without explanation, instead robotically reading aloud from the draft joint report.  *Id.* at ¶ 7.  Defendants expressed their intent to file a motion for a protective order if Crytek would not stipulate to a reasonable postponement or any other sensible management of discovery, and indicated that they would consider the conversation to constitute their meet and confer in accordance with the Local Rules.  *Id.* at ¶ 8.  Crytek acknowledged that the discussion

1   satisfied the meet and confer requirement, and told Defendants to make their motion.  *Id.*

2   at ¶ 9.  This motion followed.  As of this filing, no trial date or discovery deadlines have

3   been set by the Court.

4   **III.   ARGUMENT**

5         **A.   The just, speedy and inexpensive adjudication of this action mandates a**

6               **stay of discovery pending resolution of Defendants' motion to dismiss.**

7         The Federal Rules of Civil Procedure are designed "to secure the just, speedy, and

8   inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  To

9   achieve that goal, the Court has wide discretion to issue "an order to protect a party or

10  person from . . . undue burden or expense," including an order "specifying terms,

11  including time and place, for the disclosure or discovery[.]"  Fed. R. Civ. P. 26(c)(1)(B);

12  *see Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (court has "wide discretion

13  in controlling discovery").  The Court's power to stay discovery in appropriate cases is

14  "incidental to the power inherent in every court to control the disposition of the causes on

15  its docket with economy of time and effort for itself, for counsel, and for litigants."  *Good*

16  *v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 806 (N.D. Cal. 1998) (citing *Landis v.*

17  *N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).

18        A stay of discovery is appropriate where, as here, a dispositive motion is pending.

19  *See Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's

20  grant of protective order staying discovery pending resolution of motion to dismiss for

21  failure to state a claim); *Wood v. McEwen*, 644 F.2d 797, 801-02 (9th Cir. 1981) (per

22  curiam) (affirming district court's grant of protective order staying discovery in light of a

23  pending motion to dismiss for failure to state a claim).  The Ninth Circuit recognizes that

24  the "purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal

25  sufficiency of complaints *without* subjecting themselves to discovery."  *Rutman Wine*

26  *Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (emphasis added).  Thus,

27

28

---

MEM. OF PTS. AND AUTHORITIES ISO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER CONTROLLING TIMING AND SCOPE OF DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS

6

1 courts should "determine whether there is any reasonable likelihood that plaintiffs can
2 construct a claim before forcing the parties to undergo the expense of discovery." *Id.*

3       District courts in California use a two-pronged test to determine whether a
4 protective order staying discovery should issue while other motions are pending: "First, a
5 pending motion must be potentially dispositive of the entire case, or at least dispositive
6 on the issue at which discovery is directed. And second, the Court must determine
7 whether the pending dispositive motion can be decided absent discovery." *Hall v. Tilton*,
8 No. C 07-3233-RMW, 2010 WL 539679, *2 (N.D. Cal. Feb. 9, 2010); *see also Lowery v.*
9 *F.A.A.,* No. CIV.S93-1352-EJG, 1994 WL 912632, *3 (E.D. Cal. April 11, 1994).

10       Here, the motion to dismiss, if granted, would dispose of Crytek's entire case or, if
11 granted only in part, would narrow the issues at stake in this litigation. Moreover, there
12 is a significant likelihood that Defendants will succeed on their motion to dismiss, either
13 in whole or in part, given the numerous deficiencies with the FAC, the plain language of
14 the GLA precluding virtually every one of Crytek's claims, and documents incorporated
15 by reference into the FAC that directly contradict the allegations in Crytek's pleading.
16 *See GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 286 (S.D. Cal. 2000) (court
17 considered whether there appeared to be "an immediate and clear possibility" that motion
18 would be granted after taking "preliminary peek" at the merits of the motion). Finally,
19 the Motion can be decided without resort to discovery. *See Jarvis v. Regan,* 833 F.2d
20 149, 155 (9th Cir. 1987) (affirming district court's order staying discovery pending a
21 hearing on motion to dismiss, holding that "[d]iscovery is only appropriate where there
22 are factual issues raised by a Rule 12(b) motion"); *Mlejnecky v. Olympus Imaging*
23 *America, Inc.*, No. 10 Civ. 2630, 2011 WL 489743, at *6-7 (E.D. Cal. Feb. 7, 2011) (in
24 considering a stay of discovery, court considered whether motion was dispositive and
25 could be resolved without additional discovery).

26
27
28

MEM. OF PTS. AND AUTHORITIES ISO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER CONTROLLING TIMING AND SCOPE OF DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS

7

**B.  Permitting discovery before resolution of the motion to dismiss would be unduly burdensome for Defendants and inefficient for the Court.**

In *Twombly*, the Supreme Court held that a plaintiff should present viable claims in a complaint before the plaintiff is entitled to proceed with burdensome and expensive discovery.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558-59 (2007) (when the allegations in a complaint cannot "raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court"; internal quotations omitted).  The Court recognized that subjecting defendants to intrusive discovery without a viable pleading is inherently unfair, especially since the vast majority of litigation costs arise from discovery.  *Id.*

As in *Twombly*, this case involves complex litigation where discovery will be extensive, burdensome, and costly.  Indeed, Crytek's FAC alleges at least five different theories of liability against Defendants, the crux of which attempts to put at issue Defendants' use (and non-use) of Crytek's game engine source code in Defendants' source code underlying *Star Citizen* and *SQ42*.  That source code comprises *millions* of lines of code that, over the course of the last six years, have evolved and been compiled into hundreds of different "builds."  As discussed above, Crytek has already sought to capitalize on this complexity by prematurely inundating Defendants with extensive and all-encompassing discovery demands, in an attempt to inflict maximum damage upon Defendants by distracting them from game development and wasting their resources.  Staying discovery while the motion to dismiss is pending will allow Defendants to avoid unnecessarily incurring these costs until "[a]fter full ventilation of the viability *vel non* of the complaint," when "we will all be in a much better position to evaluate how much, if any discovery to allow."  *In re Graphics Processing Units Antitrust Litigation*, No. C 06-07417-WHA, 2007 WL 2127577, *5 (N.D. Cal. July 24, 2007) (staying discovery pending resolution of a motion to dismiss).

MEM. OF PTS. AND AUTHORITIES ISO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER CONTROLLING TIMING AND SCOPE OF DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS

8

The Court should determine whether Crytek's claims are even viable (and if so, what their parameters are) before Crytek is entitled to proceed with burdensome and expensive discovery. *Twombly*, 550 U.S. at 558-59; *see Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94-Civ-2120-LMM, 1996 WL 101277, *3 (S.D. N.Y. Mar. 7, 1996) (granting stay of discovery and noting that the discovery requests already propounded were "quite extensive" and would be "totally unnecessary" if defendant prevailed on its pending Rule 12 motion); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ("Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.").

## C.   Plaintiff will not be prejudiced by a short stay while the Court decides Defendants' motion to dismiss.

In contrast to the enormous and, in all likelihood, wasteful exercise that will be imposed upon Defendants if discovery is allowed to proceed without limitation at this juncture, Crytek will suffer no prejudice by a stay of discovery while the motion to dismiss is pending.

Defendants' motion to dismiss is fully briefed and has been taken under submission by the Court.  Once the Court decides the motion, the parties will know which of Crytek's claims, if any, will be permitted to proceed, and in what form.  No trial date or discovery deadlines have been set by the Court.  There is no urgency to Crytek's discovery.  If the Court determines that any of Crytek's theories of liability in the FAC state a claim for relief, all of the documents and information to which Crytek is thereby entitled through discovery have been preserved.  Thus, Plaintiff will not be prejudiced by a short stay while the Court decides the motion. *See In re Graphics Processing*, 2007

MEM. OF PTS. AND AUTHORITIES ISO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER CONTROLLING TIMING AND SCOPE OF DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS

9

1   WL 2127577, *5 ("[W]e have no urgent need for immediate discovery.  We have time

2   enough to critique the complaint and to then consider the best course for discovery.").

3       **D.     If the Court declines to stay discovery pending resolution of Defendants'**

4            **motion to dismiss, Defendants request a conference before the Court to**

5            **discuss the orderly administration of discovery in this matter.**

6           In the event that the Court declines to grant a protective order staying

7   commencement of discovery pending resolution of Defendants' motion to dismiss,

8   Defendants request a conference before the Court so that the parties and the Court may

9   discuss the orderly administration of discovery in this matter, including the issues raised

10  by Defendants in the parties' Joint Rule 26(f) Report [ECF 28].  These issues include

11  Defendants' request that, in the event that any claims remain for adjudication following

12  the Court's ruling on the motion to dismiss, the Court bifurcate discovery into two phases

13  (discovery regarding liability and, only if necessary, discovery regarding damages).  To

14  date, Crytek has been unwilling to agree to any reasonable limitations on the timing or

15  scope of discovery.  A conference before the Court will allow the parties to develop a

16  controlled and appropriate discovery plan that comports with the needs of this case, rather

17  than subjecting Defendants to the costly and burdensome discovery free-for-all urged by

18  Crytek.

19  ///

20  ///

21

22

23

24

25

26

27

28

1

## IV. CONCLUSION

2

For the reasons stated herein, the Court should enter a protective order staying

3

discovery in this matter until the Court decides Defendants' motion to dismiss and the

4

claims remaining in the lawsuit, if any, are determined.  If the Court declines to grant

5

such a protective order, Defendants request a conference before the Court so that the

6

parties and the Court may discuss the orderly administration of discovery in this matter.

7

8

Dated: March 12, 2018             FRANKFURT KURNIT KLEIN & SELZ P.C.

9

BY:  */s/ Jeremy S. Goldman*

10

Joseph R. Taylor (SBN 129933)
Jeremy S. Goldman (SBN 306943)

11

Azita M. Iskandar (SBN 280749)
2029 Century Park East, Suite 1060

12

Los Angeles, California 90067
Telephone: (310) 579-9600

13

Facsimile: (347) 438-2156
E-Mail:jtaylor@fkks.com

14

jgoldman@fkks.com

15

aiskandar@fkks.com

16

Attorneys for Defendants CLOUD IMPERIUM
GAMES CORP. and ROBERTS SPACE

17

INDUSTRIES CORP.

18

19

20

21

22

23

24

25

26

27

28

MEM. OF PTS. AND AUTHORITIES ISO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER CONTROLLING TIMING AND SCOPE OF DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS

11