JAMES Y. PAK (SBN 304563)
*james.pak@skadden.com*
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1400
Palo Alto, CA 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

KEVIN J. MINNICK (SBN 269620)
*kevin.minnick@skadden.com*
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Telephone: (213) 687-5000
Facsimile:  (213) 687-5600

P. ANTHONY SAMMI (admitted *pro hac vice*)
*anthony.sammi@skadden.com*
KURT WM. HEMR (admitted *pro hac vice*)
*kurt.hemr@skadden.com*
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

Attorneys for Plaintiff,
Crytek GmbH

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| CRYTEK GMBH,<br><br>               Plaintiff,<br><br>      v.<br><br>CLOUD IMPERIUM GAMES CORP.<br>and ROBERTS SPACE INDUSTRIES<br>CORP.,<br><br>               Defendants. | Case No. 2:17-cv-08937-DMG-FFM<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER**<br><br>Date:        April 17, 2018<br>Time:       10:00 a.m.<br>Courtroom:  580 |

1

# **TABLE OF CONTENTS**

2  TABLE OF CONTENTS................................................................................i

3  TABLE OF AUTHORITIES ........................................................................ii

4  PRELIMINARY STATEMENT ...................................................................1

5  ARGUMENT .................................................................................................2

6      I.    THIS DISTRICT'S GENERAL PRACTICE
7          IS *NOT* TO STAY DISCOVERY PENDING
        RESOLUTION OF A MOTION TO DISMISS ..................................2

8      II.   THE SPECIAL CIRCUMSTANCES
9          THAT HAVE WARRANTED DISCOVERY STAYS
        IN SOME ACTIONS ARE NOT PRESENT HERE...........................4

10     III.  THE BALANCE OF HARMS
11          DOES NOT FAVOR STAYING DISCOVERY ...............................10

12     IV.  DEFENDANTS SHOULD BE
        DIRECTED TO PROCEED WITH DISCOVERY
13          IN ACCORDANCE WITH THE FEDERAL RULES ......................11

14  CONCLUSION.............................................................................................13

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER

1

## **TABLE OF AUTHORITIES**

2

### **CASES**

3

*Anti-Monopoly, Inc. v. Hasbro, Inc.*,

4
   No. 94-cv-2120, 1996 WL 101277 (S.D.N.Y. Mar. 7, 1996) ....................... 8, 9

5

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ...................................................................................... 6

6

*Carver Int'l, Inc. v. SurfSkate Indus., LLC*,

7
   No. 15-cv-1348, 2016 WL 10576627 (C.D. Cal. May 25, 2016) ..................... 3

8

*Chudasama v. Mazda Motor Corp.*,
   123 F.3d 1353 (11th Cir. 1997) ...................................................................... 5

9

*Good v. Prudential Ins. Co. of Am.*,

10
   5 F. Supp. 2d 804 (N.D. Cal. 1998) ................................................................ 5

11

*In re Graphics Processing Units Antitrust Litig.*,
   No. 06-cv-7417, 2007 WL 2127577 (N.D. Cal. July 24, 2007) ........................ 7

12

*Gray v. First Winthrop Corp.*,

13
   133 F.R.D. 39 (N.D. Cal. 1990) .................................................................. 3, 5

14

*GTE Wireless, Inc. v. Qualcomm, Inc.*,
   192 F.R.D. 284 (S.D. Cal. 2000) .................................................................... 8

15

*Hall v. Tilton*,

16
   No. 07-cv-3233, 2010 WL 539679 (N.D. Cal. Feb. 9, 2010) ........................... 8

17

*Hall v. Tilton*,
   No. 07-cv-3233, 2010 WL 2629914 (N.D. Cal. June 29, 2010) ....................... 8

18

19

*Jarvis v. Regan*,
   833 F.2d 149 (9th Cir. 1987) .......................................................................... 8

20

*Landis v. N. Am. Co.*,

21
   299 U.S. 248 (1936) .................................................................................. 4, 5

22

*Limbu v. UST Global, Inc.*,
   No. 16-cv-8499 (C.D. Cal. Apr. 20, 2017) ..................................................... 9

23

*Limbu v. UST Global, Inc.*,

24
   No. 16-cv-8499 (C.D. Cal. June 29, 2017) ..................................................... 9

25

*Little v. City of Seattle*,
   863 F.2d 681 (9th Cir. 1988) .......................................................................... 6

26

*Lowery v. Fed. Aviation Admin.*,

27
   No. 93-cv-1352, 1994 WL 912632 (E.D. Cal. Apr. 11, 1994) ......................... 9

28

*McCall v. Monsanto Co.*,
No. 16-cv-1609 (C.D. Cal. Apr. 29, 2016).................................................*passim*

*Mlejnecky v. Olympus Imaging Am., Inc.*,
No. 10-cv-2630, 2011 WL 489743 (E.D. Cal. Feb. 7, 2011).........................3, 9

*Nken v. Holder*,
556 U.S. 418 (2009) ......................................................................................4, 10

*Novelposter v. Javitch Canfield Group*,
No. 13-cv-05186, 2014 WL 12618174 (N.D. Cal. May 23, 2014).................11

*Rutman Wine Co. v. E. & J. Gallo Winery*,
829 F.2d 729 (9th Cir. 1987) ...............................................................................6

*Singh v. Google, Inc.*,
No. 16-cv-03734-BLF, 2016 WL 10807598 (N.D. Cal. Nov. 4, 2016).......3, 10

*Skellerup Indus. Ltd. v. City of L.A.*,
163 F.R.D. 598 (C.D. Cal. 1995) ......................................................................3

*Tradebay, LLC v. eBay, Inc.*,
278 F.R.D. 597 (D. Nev. 2011) ........................................................................3

*Turner Broad. Sys., Inc. v. Tracinda Corp.*,
175 F.R.D. 554, 556 (D. Nev. 1997)...............................................................8

*Vista del Sol Health Care Servs., Inc. v. Nat'l Labor Relations Bd., Region 31*,
No. 14-cv-2193, 2014 WL 12631660 (C.D. Cal. May 16, 2014) .....................2

*Wenger v. Monroe*,
282 F.3d 1068 (9th Cir. 2002) ...........................................................................6

*Wood v. McEwen*,
644 F.2d 797 (9th Cir. 1981) .............................................................6, 7, 8, 9

**STATUTES**

Fed. R. Civ. P. 1 ...............................................................................................1

Fed. R. Civ. P. 26 ............................................................................................12

L.R. 7-3 ..........................................................................................................12

L.R. 37-1 .........................................................................................................12

L.R. 37-2 .........................................................................................................12

iii

1

**PRELIMINARY STATEMENT**

2       Defendants, having moved to dismiss Crytek's Amended Complaint (ECF No.
3 20), now seek to stay all discovery while their motion to dismiss is pending (ECF
4 No. 30).   Whether to grant such a stay is a matter for the Court's discretion, but
5 Crytek respectfully submits that Defendants have failed to show why any such relief
6 could be justified here.

7       This is not, for example, an action where there is a question of immunity that
8 must be resolved before the action may proceed any further.   Rather, it is a
9 straightforward contract and copyright action.   And while it is the Court's province
10 (and not the parties') to decide whether Defendants' motion to dismiss certain of
11 Crytek's claims has merit, Crytek respectfully submits that the most reasonable
12 course is to get discovery underway so that the parties are best positioned to reach a
13 "just, speedy, and inexpensive determination of [this] action."  Fed. R. Civ. P. 1.  As
14 Judge Gee recently wrote when denying a similar motion:

15         [T]his case is no different from most cases filed before this Court where
16         the defendants bring a motion to dismiss with the hope of obtaining a
17         dismissal of an action in its entirety or, at least, narrowing the issues in
18         the case.  **Motions to stay of the sort sought here are rarely sought**
19         **and almost never granted.**  Indeed, the Court states quite clearly in its
20         Initial Standing Order that, absent a Court order that discovery is
21         premature, "it is advisable for counsel to begin to conduct discovery
22         actively before the Scheduling Conference."

23 *McCall v. Monsanto Co.*, No. 16-cv-1609, at 3 (C.D. Cal. Apr. 29, 2016), ECF No.
24 35 (denying motion to stay discovery pending the Court's ruling on forthcoming
25 motion to dismiss) (emphasis modified).  So too here.  Crytek has reasonably sought
26 to commence discovery, and Defendants should be directed to engage productively
27 in that process while their motion to dismiss is under submission.

28

1

1

## ARGUMENT

2  **I.     THIS DISTRICT'S GENERAL PRACTICE IS *NOT* TO STAY**
3          **DISCOVERY PENDING RESOLUTION OF A MOTION TO DISMISS**

4          Judge Gee's observation in *McCall* that "[m]otions to stay of the sort sought
5   here are rarely sought and almost never granted" is consistent with the general
6   practice of this District.  Judge Morrow has noted that staying discovery pending the
7   outcome of a motion to dismiss as a general practice would lead to widespread delay,
8   and accordingly she would only stay discovery for "a good reason":

9          As a general matter, the court does not stay discovery or refrain from
10         setting case management dates in cases where a motion to dismiss is
11         pending unless a party provides a good reason for doing so.  Were the
12         court's practice otherwise, some cases would remain pending for a year
13         or more before any case management dates were set or progress on the
14         litigation made.

15  *Vista del Sol Health Care Servs., Inc. v. Nat'l Labor Relations Bd., Region 31*, No.
16  14-cv-2193, 2014 WL 12631660, at *2 (C.D. Cal. May 16, 2014) (denying motion to
17  stay discovery pending resolution of motion to dismiss).

18         Similarly, Judge Guilford has noted that allowing discovery to continue,
19  notwithstanding a party's "over-confidence in [a dispositive] motion's merits," can
20  both facilitate settlement and ensure that a plaintiff seeking access to the Court will
21  not be denied the ability to promptly support its case with discovery:

22         [D]iscovery should not be delayed every time a dispositive motion is
23         pending.  A party's judgment that a dispositive motion warrants a stay
24         may suffer from over-confidence in the motion's merits.   Early
25         discovery may also facilitate early settlement — saving clients the time
26         and expense of litigating in federal court.  And a plaintiff seeking
27         access to the Court and the ability to promptly support its case should

28

2

1   rarely be denied access to discovery.  Those interests, among others,

2   make the Court especially skeptical of staying discovery pending the

3   resolution of a self-assessed 'dispositive' motion.

4   *Carver Int'l, Inc. v. SurfSkate Indus.*, LLC, No. 15-cv-1348, 2016 WL 10576627, at

5   *5 (C.D. Cal. May 25, 2016) (denying motion to stay discovery pending resolution

6   of motion to dismiss).

7     Many other courts have noted that discovery should not be routinely stayed

8   pending the determination of a dispositive motion, unless the party seeking to stay

9   discovery can make a "strong showing" that staying discovery is justified:

10     "The Federal Rules of Civil Procedure do not provide for automatic or

11     blanket stays of discovery when a potentially dispositive motion is

12     pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev.

13     2011).  "Had the Federal Rules contemplated that a motion to dismiss

14     under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would

15     contain a provision to that effect.  In fact, such a notion is directly at

16     odds with the need for expeditious resolution of litigation."  *Gray v.*

17     *First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). . . .  Under

18     Ninth Circuit law, "[a] party seeking a stay of discovery carries the

19     heavy burden of making a 'strong showing' why discovery should be

20     denied." *Gray*, 133 F.R.D. at 40 (citation omitted).

21   *Singh v. Google, Inc.*, No. 16-cv-03734-BLF, 2016 WL 10807598, at *1 (N.D. Cal.

22   Nov. 4, 2016) (alteration in original); *see also Skellerup Indus. Ltd. v. City of L.A.*,

23   163 F.R.D. 598, 600 (C.D. Cal. 1995) (citing *Gray* and denying motion to stay

24   discovery pending resolution of motion to dismiss).

25     Indeed, even in cases on which Defendants rely, courts have made clear that

26   staying discovery in this circumstance is disfavored.  *E.g.*, *Mlejnecky v. Olympus*

27

28

3

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER

1    *Imaging Am., Inc.*, No. 10-cv-2630, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011)

2    ("[D]istrict courts look unfavorably upon such blanket stays of discovery.").

3    **II.    THE SPECIAL CIRCUMSTANCES THAT HAVE WARRANTED**
     **DISCOVERY STAYS IN SOME ACTIONS ARE NOT PRESENT HERE**

4

5        As Judge Gee noted in *McCall*, the moving party has the burden of

6    demonstrating that a stay is justified in view of four factors:

7        [A] district court has discretion to stay proceedings pending before it.

8        The Supreme Court has emphasized that "[a] stay is not a matter of

9        right, even if irreparable injury might otherwise result" but "is instead

10       an exercise of judicial discretion[.]"   *Nken v. Holder*, 556 U.S. 418,

11       433-34 (2009) (internal citations and quotation marks omitted).   "The

12       party requesting a stay bears the burden of showing that the

13       circumstances justify an exercise of that discretion."   *Id.* (internal

14       citations omitted).

15           In exercising its discretion, the court "must weigh competing

16       interests and maintain an even balance."   *Landis* [*v. N. Am. Co.*], 299

17       U.S. [248,] 254-55 [(1936)].   *In Nken*, the Supreme Court identified

18       four factors a district court should consider in deciding whether to grant

19       an application for a stay: "(1) whether the stay applicant has made a

20       strong showing that he is likely to succeed on the merits; (2) whether

21       the applicant will be irreparably injured absent a stay; (3) whether

22       issuance of the stay will substantially injure the other parties interested

23       in the proceeding; and (4) where the public interest lies."   556 U.S. at

24       434.

25

26

27

28

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER

1    *McCall* at 2.[1]  A number of the cases on which Defendants rely illustrate the special

2    circumstances — not present here — where staying discovery can be appropriate,

3    such as an unusual procedural posture; a question of immunity; antitrust claims,

4    which are given slightly distinctive treatment; or a patently unmeritorious claim.[2]

5        ***Unusual Procedural Posture.***  In *Good v. Prudential Insurance Co. of*

6    *America*, 5 F. Supp. 2d 804 (N.D. Cal. 1998), the court elected to stay all

7    proceedings pending a decision whether the case would be transferred by the Judicial

8    Panel on Multidistrict Litigation for consolidated pretrial proceedings.  *Id.* at 809

9    (noting that "[c]ourts frequently grant stays pending a decision by the MDL Panel

10   regarding whether to transfer a case").

11       In *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997), there

12   was a fraud claim of dubious viability that dramatically increased the scope of

13   discovery, and the district court granted a motion to compel discovery even though it

14   had not ruled on the defendant's motion to dismiss for more than a year and a half

15   after briefing was complete.  The Eleventh Circuit criticized the district court's

16   management of the case and ordered that the case be reassigned to another district

17   judge on remand.  *Id.* at 1360, 1368-69.  ("[E]ven the most cursory review of the

18   [plaintiffs'] shotgun complaint reveals that it contains a fraud count that is novel and

---

20   [1]    As several courts have noted, staying discovery is "directly at odds with the

21   need for expeditious resolution of litigation." *E.g.*, *Gray*, 133 F.R.D. at 40.  The

22   tension between the public interest in prompt resolution of civil actions and staying

23   discovery may be one reason why parties who seek stays must make an affirmative

     showing that such a stay is warranted.

24   [2]    *See Landis*, 299 U.S. at 256-59 (acknowledging the district court's discretion

25   to stay proceedings in appropriate cases but *vacating* the particular stay at issue)

26   ("[T]he burden of making out the justice and wisdom of a departure from the beaten

27   track lay heavily on the petitioners, suppliants for relief, and discretion was abused if

28   the stay was not kept within the bounds of moderation.").

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER

1   of questionable validity.  . . .  [W]e conclude that this claim was dubious enough to
2   require the district court to rule on Mazda's motion to dismiss prior to entering the
3   compel order.").

4        No such unusual procedural posture is presented here.

5        ***Question of Immunity.***  In *Little v. City of Seattle*, 863 F.2d 681 (9th Cir.
6   1988), discovery was stayed while the district court determined whether a defendant
7   was entitled to various forms of immunity.  *Id.* at 685.  The Ninth Circuit affirmed
8   that staying discovery was not an abuse of discretion in that circumstance.  *Id.*

9        Likewise, *Wenger v. Monroe*, 282 F.3d 1068 (9th Cir. 2002), involved an
10   unusual form of immunity from suit:  The district court "concluded that Wenger's
11   claims challenged non-reviewable military personnel decisions, and thus were
12   nonjusticiable . . . ."  *Id.* at 1072.  The Ninth Circuit held that staying discovery was
13   not an abuse of discretion in that circumstance.  *Id.* at 1077 (quoting *Wood v.*
14   *McEwen*, 644 F.2d 797, 801 (9th Cir. 1981), discussed *infra*).

15        This action does not present a question of immunity.

16        ***Antitrust Actions.***  Antitrust actions are given slightly distinctive treatment in
17   federal courts.  In *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th
18   Cir. 1987), the court noted that evaluating Rule 12(b)(6) motions before discovery
19   "especially makes sense" in antitrust cases "because the costs of discovery in such
20   actions are prohibitive."  The court affirmed the dismissal of certain claims and
21   denial of discovery as to those claims because the complaint failed to allege specific
22   intent to harm competition.  *Id.* at 736-38.

23        Similarly, in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), another
24   antitrust case, the Supreme Court noted "the potentially enormous expense of
25   discovery in cases with no reasonably founded hope that the discovery process will
26   reveal relevant evidence" while determining that the complaint should have been
27   dismissed for its failure to allege an agreement between defendants, rather than

28

1   "merely parallel conduct that could just as well be independent action."  *Id.* at 557,

2   559 (internal quotation marks omitted).   As noted in another case on which

3   Defendants rely, even *Twombly* did not "erect an automatic, blanket prohibition on

4   any and all discovery before an antitrust plaintiff's complaint survives a motion to

5   dismiss."  *In re Graphics Processing Units Antitrust Litig.*, No. 06-cv-7417, 2007

6   WL 2127577, at *4 (N.D. Cal. July 24, 2007).[3]

7           This action involves contract and copyright claims, not antitrust claims.

8           ***Patently Unmeritorious Claim.***  Courts have also stayed discovery in limited

9   circumstances where there was a substantial basis to believe from the outset that the

10  plaintiff would never be able to state a claim for relief.  Defendants rely on several

11  such cases:

12          (i) In *Wood*, a pro se plaintiff had been sanctioned by dismissal in a prior

13  action for refusing to participate in discovery.  The plaintiff commenced a new

14  action seeking relief from that earlier dismissal, alleging that it was the result of a

15  fraud upon the court.  The district court suspended discovery, and the Ninth Circuit

16  affirmed that decision because that "[a] district court **may** . . . **stay discovery when**

17  **it is convinced that the plaintiff will be unable to state a claim for relief**."  *Wood*,

18  644 F.2d at 801-02 (emphasis added) (noting that "there was a real question whether

19  Wood's claim presented a substantive basis for vacating the judgment").[4]

20  _____

21  [3]    *In re Graphics Processing Units*, an MDL involving antitrust and a criminal

22  investigation, also involved parties who had agreed to a "leisurely briefing schedule

23  on the motions to dismiss," from which the court inferred that commencing

24  discovery was not urgent.  *Id.* at *1, 5.

25  [4]    The Ninth Circuit described Wood's extensive abuse of process:  "In the first

26  action, Wood continually refused to comply with the court's discovery orders.  In

27  this action, he has made spurious and unsubstantiated allegations of misconduct

28  against large groups of individuals and organizations.  The filing of this and thirty-

    six other cases, which repeatedly raise the same claims, has become burdensome and

                                                                                *(cont'd)*

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER

(ii) In *Hall v. Tilton*, No. 07-cv-3233, 2010 WL 539679 (N.D. Cal. Feb. 9, 2010), a Section 1983 action brought by a pro se prisoner, all claims were barred by the applicable statute of limitations. *See Hall v. Tilton*, No. 07-cv-3233, 2010 WL 2629914 (N.D. Cal. June 29, 2010) (order granting motion to dismiss).

(iii) In *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284 (S.D. Cal. 2000), a patent action, the court made a "preliminary finding" that the plaintiff had failed to provide notice of infringement pursuant to 35 U.S.C. § 287, such that the defendant had "demonstrated that it ha[d] a clear possibility of precluding damages." *Id.* at 289. Given that determination and the court's balancing of the harms of whether to stay discovery, the court elected to stay discovery concerning only damages (discovery as to other issues proceeded). *Id.* at 289-90.

(iv) In *Jarvis v. Regan*, 833 F.2d 149 (9th Cir. 1987), a suit brought by a self-styled taxpayer advocate alleging RICO and First Amendment claims against the Secretary of the Treasury and the federal Legal Services Corporation, among others, the court concluded that the facts as alleged did not constitute a pattern of racketeering activity and the plaintiff's claim under the First Amendment was moot. *Id.* at 152-55.[5]

(v) In *Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94-cv-2120, 1996 WL 101277 (S.D.N.Y. Mar. 7, 1996), another antitrust action, the Court stayed discovery as to one claim where the discovery requests as to that claim were "quite extensive";

_____

*(cont'd from previous page)*

costly to the litigants. Wood continually asserts frivolous grounds of error." *Wood*, 644 F.2d at 802.

[5] Neither *Jarvis* nor the other authorities cited in Defendants' brief <u>compel</u> staying discovery whenever a motion to dismiss is pending; that question is committed to the Court's discretion. *See, e.g.*, *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (acknowledging *Jarvis* yet denying a motion to stay discovery).

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER

discovery would complete within the parties' originally proposed schedule even if stayed; and the Court, upon review of the motion to dismiss, concluded that "not only does Hasbro's motion to dismiss appear not unfounded on the law but indeed it appears to have substantial grounds." *Id.* at *2-4 (internal quotation marks omitted).[6]

\*     \*     \*

Remarkably, Defendants rely on two cases where motions to stay discovery were *denied* because the moving party could not demonstrate that the plaintiff's entire case was likely to be disposed of by the pending motions. *See Mlejnecky*, 2011 WL 489743, at *9 (denying motion to stay discovery after concluding that defendant "[had] not demonstrated an immediate and clear possibility that its motion will dispose of plaintiff's claims altogether") (citing *Wood*, 644 F.2d at 801); *Lowery v. Fed. Aviation Admin.*, No. 93-cv-1352, 1994 WL 912632, at *3-7 (E.D. Cal. Apr. 11, 1994) (denying motion to stay discovery after determining that genuine issues of material fact would preclude a pending motion for summary judgment from disposing of the entire case).

Defendants of course profess confidence that the Court will grant their motion to dismiss. (*E.g.*, Defts.' Br. at 7, ECF No. 30-1.)  Crytek of course disagrees, for all the reasons stated in its briefing on that motion.  (ECF No. 25.)  Crytek will not nettle the Court by rearguing those points here.  Suffice it to say that Defendants' hyperbolic assertions of confidence do not serve to meet their burden here.

---

[6]     Similarly, in *Limbu v. UST Global, Inc.*, No. 16-cv-8499 (C.D. Cal. Apr. 20, 2017), ECF No. 26, in which a plaintiff raised claims under the whistleblower protections of the Sarbanes-Oxley Act, that plaintiff had failed to allege that she had engaged in a protected activity under the Act.  *Id.*  Under those circumstances, Judge Gee dismissed the complaint and stayed discovery.  She dismissed the amended complaint and entered judgment in favor of the defendants just two months later. *Limbu*, No. 16-cv-8499 (C.D. Cal. June 29, 2017), ECF No. 42.

9

## III.   THE BALANCE OF HARMS
### DOES NOT FAVOR STAYING DISCOVERY

As it commonly does when exercising discretion, the Court should balance the harms that would befall Defendants if discovery continues against those that would befall Crytek if discovery is stayed.  *McCall* at 2.  The factors that Judge Gee identified in *McCall* reflect the strong showing that Defendants must make to justify a stay of discovery.  The factors concerning the balancing of harms are: "whether the applicant will be **irreparably** injured absent a stay" and "whether issuance of the stay will **substantially** injure the other parties interested in the proceeding."  *Id.* (emphasis added) (quoting *Nken*, 556 U.S. at 434).

Defendants do not even use the word "irreparable" in their motion, much less demonstrate that they will suffer irreparable injury in the absence of a stay.  But even assuming that a lesser showing of injury could justify staying discovery, Defendants have not made that showing; indeed they have not identified any particular burden that commencing discovery would cause.  Instead, they rail against the burdens that are inherent to discovery and generally accuse Crytek of nefarious intent.  (*E.g.*, Defts.' Br. at 1 ("Crytek instead hopes to inflict damage upon Defendants by abusing the discovery process.").)  That is not enough to justify staying discovery.  *See, e.g.*, *Singh*, 2016 WL 10807598, at *2 ("Google has not demonstrated that denial of the stay would be burdensome.  Plaintiff correctly states that Google fails to identify any discovery burdens, and offers no particular or specific facts to support its assertion that a stay would be necessary to spare the parties or the Court from the 'burden' of discovery.").  That is not the sort of harm that warrants a stay.

In contrast, staying discovery would impede Crytek from developing its case.  Defendants may well be correct that the "source code underlying *Star Citizen* and *SQ42* . . . comprises *millions* of lines of code that, over the course of the last six years, have evolved and been compiled into hundreds of different builds."  (Defts.'

1  Br. at 8.)  It will be Crytek's burden, not Defendants', to analyze those millions of
2  lines of code and develop the proof it will need to demonstrate to the jury how
3  Defendants have breached the GLA and infringed Crytek's copyright.  And although
4  the Court has not yet entered a scheduling order in this action, Crytek's proposed
5  trial date of July 16, 2019, does not provide a leisurely period in which Crytek may
6  complete that analysis.  (ECF No. 28 Ex. A.)  Staying discovery would serve only to
7  delay and prejudice Crytek's efforts to prove its claims.

8       Defendants assert that "Crytek will suffer no prejudice by a stay of discovery
9  while the motion to dismiss is pending." (Defts.' Br. at 9.)  Even if true — and it is
10 not — that would be insufficient to justify a stay.  In *Novelposter v. Javitch Canfield*
11 *Group*, No. 13-cv-05186, 2014 WL 12618174 (N.D. Cal. May 23, 2014), the parties
12 seeking a stay of discovery while a motion to dismiss was pending similarly
13 "assert[ed] that a stay would not prejudice the defendants." *Id.* at *1.  The court
14 declined to stay discovery, concluding that "mere lack of prejudice is not the same as
15 'good cause' and falls far short of the 'strong showing' required." *Id.*

16 **IV.    DEFENDANTS SHOULD BE DIRECTED TO PROCEED WITH**
17 **        DISCOVERY IN ACCORDANCE WITH THE FEDERAL RULES**

18      Defendants request that the Court hold a conference if it does not stay all
19 discovery. (Defts.' Br. at 10.)  Crytek would of course welcome any conference that
20 the Court wishes to hold.  That said, Defendants are not correct when they complain
21 that "[t]o date, Crytek has been unwilling to agree to any reasonable limitations on
22 the timing or scope of discovery." (*Id.*)  Defendants have proposed that Crytek
23 should not be permitted to obtain any discovery at all (or, in the alternative, that
24 Crytek should not be permitted to obtain discovery relating to its damages until some
25 unidentified future date, even though damages are an essential element of Crytek's
26 claims). (*E.g.*, Defts.' Br. at 6-10; Joint Rule 26(f) Report at 5, 7, 9, ECF No. 28.)

27
28

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER

1  Crytek has not agreed with Defendants' flat refusal to proceed with discovery for all
2  of the obvious reasons.

3      Instead, Crytek respectfully submits that Defendants ought to be directed to
4  proceed in accordance with the Rules:  Defendants should serve complete written
5  responses and objections to Crytek's outstanding discovery requests, and to the
6  extent that Defendants have genuine disputes over particular requests, they should
7  meet and confer with Crytek and otherwise comply with Local Rules 7-3, 37-1, and
8  37-2 before seeking the Court's assistance in resolving those particularized disputes.
9  The Court may then assess whether Defendants' concerns with those particular
10  requests are justified, or whether Defendants should be directed to comply with those
11  same discovery requests.  As Defendants are well aware, that is how discovery
12  ordinarily proceeds in this Court, and for good reason.  Instead, Defendants have
13  showered the Court with multiple pages of criticisms and complaints about the scope
14  of Crytek's discovery requests. (*E.g.*, Defts.' Br. at 1, 3-5, 8-10.)  Defendants sought
15  to justify their decision to not follow Local Rule 37-2 by asserting that "there are no
16  specific discovery issues in dispute here — rather, the *commencement* of discovery
17  as a whole is in dispute."  (Defts.' Mot. at 2, ECF No. 30.)  Crytek respectfully
18  submits that Defendants' barrage of *ad hoc* criticisms does not present the Court with
19  any manageable method of resolving any genuine disputes that Defendants might
20  purport to have with Crytek's discovery requests, and it should be disregarded.

21      Defendants' complaints concerning the timing of Crytek's discovery requests
22  (*e.g.*, Defts.' Br. at 3) are also misguided.  As noted in the Joint Rule 26(f) Report,
23  Crytek served its discovery requests on January 19, 2018, in advance of the Rule
24  26(f) conference that took place on February 13, 2018.  (Joint Rule 26(f) Report at
25  4.)  Pre-conference delivery of document requests is expressly contemplated by Rule
26  26(d)(2); pursuant to that Rule, Crytek's document requests are "considered to have
27  been served at the first Rule 26(f) conference."  Given Defendants' objection to the

28

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER

pre-conference service of the interrogatory during that conference, and for the avoidance of any doubt, Crytek immediately re-served its interrogatory after the Rule 26(f) conference.  (Joint Rule 26(f) Report at 4.)  Crytek respectfully submits that Defendants should be directed to provide complete responses to those requests in the usual fashion.

## CONCLUSION

For the foregoing reasons, Defendants' Motion For Protective Order Controlling Timing And Scope Of Discovery Pending Resolution Of Motion To Dismiss should be denied in its entirety.

Dated: March 27, 2018                    Respectfully submitted,

                                         */s/ James Y. Pak*

KEVIN J. MINNICK (SBN 269620)            JAMES Y. PAK (SBN 304563)
*kevin.minnick@skadden.com*              *james.pak@skadden.com*
SKADDEN, ARPS, SLATE,                    SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP                        MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400       525 University Avenue, Suite 1400
Los Angeles, CA 90071                    Palo Alto, CA 94301
Telephone: (213) 687-5000                (650) 470-4500
Facsimile:  (213) 687-5600               (650) 470-4570

P. ANTHONY SAMMI                         ***Attorneys for Plaintiff***
(admitted *pro hac vice*)                ***Crytek GmbH***
*anthony.sammi@skadden.com*
KURT WM. HEMR
(admitted *pro hac vice*)
*kurt.hemr@skadden.com*
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 27, 2018, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which sent notification of such filing to all counsel of record.

By: _/s/ James Y. Pak_
James Y. Pak

14