**JOSEPH R. TAYLOR** (SBN 129933)
**JEREMY S. GOLDMAN** (SBN 306943)
**AZITA M. ISKANDAR** (SBN 280749)
**FRANKFURT KURNIT KLEIN & SELZ, P.C.**
2029 Century Park East, Suite 1060
Los Angeles, California 90067
Telephone: (310) 579-9600
Facsimile: (347) 438-2156
E-Mail:  jtaylor@fkks.com
           jgoldman@fkks.com
           aiskandar@fkks.com

Attorneys for Defendants CLOUD IMPERIUM GAMES CORP.
and ROBERTS SPACE INDUSTRIES CORP.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYTEK GMBH,<br><br>vs.<br><br>CLOUD IMPERIUM GAMES CORP. and ROBERTS SPACE INDUSTRIES CORP.,<br><br>         Defendants. | Case No. 2:17-CV-08937-DMG-FFM<br><br>**DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION FOR A PROTECTIVE ORDER CONTROLLING TIMING AND SCOPE OF DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS**<br><br>Date:  April 17, 2018<br>Time: 10:00 a.m.<br>Courtroom:  580<br><br>Magistrate Judge Frederick F. Mumm |

## **PRELIMINARY STATEMENT**

Relevance and proportionality are the required cornerstones of responsible discovery in federal court since 2015.  Crytek's dubious pleading makes application of these principles impossible.  The pending motion to dismiss will clear up what properly is at issue, if anything.  Crytek's overwhelming discovery needs Court guidance to serve the relevance and proportionality requirements.

Crytek's generalized (no showing) opposition demonstrates why this unusual case warrants early, practical, and decisive Court protective intervention on timing to ensure just, proportional discovery that complies with federal law:

(1)     Crytek started this case by twice concealing the contract from its two shotgun complaints, leading to significant pleading tangles that need to be resolved at the outset to determine if there will even be a case and, if so, its responsible contours as guided by the agreement. [1]

(2)     Crytek then served sprawling, expensive and disruptive discovery while the pleading was attacked.

(3)     Without knowing what, if anything, survives from Crytek's peculiarly deceptive pleading, it is ***impossible to apply federally-required proportionality*** to untethered, out-of-control discovery.

---

[1] Crytek (a) hides the contract; (b) seeks punitive damages for breach of contract and copyright infringement; (c) alleges copyright infringement without identifying any supposedly infringing work; (d) seeks monetary and injunctive damages that the hidden contract specifically prohibits; (e) alleges that use of Crytek's game engine in *Squadron 42* is a breach, when the contract explicitly contemplates exactly such a use, and (f) inconsistently alleges that not using the game engine is also a breach.  This is the rare pleading mess where the plaintiff commenced litigation without regard for law or contract.  Discovery is a consuming and expensive process, and Crytek should not be permitted to conduct it in the same reckless manner.

1    (4)    Crytek opposes Defendants' motion based entirely on generalities, without

2  any showing whatsoever that Crytek would suffer any prejudice from waiting until the

3  Court can untangle its pleadings.

4    It is not every case where the plaintiff hides the contract, commits numerous black-

5  letter law pleading violations, then seeks top-to-bottom unlimited and destructive

6  discovery with a dismissal motion pending.  Every aspect of Crytek's actions in this

7  proceeding needs to get on a responsible path.  The best Court discretion here is a

8  protective order controlling the timing of discovery pending the outcome of Defendants'

9  dispositive motion.  Relevance and proportionality are measured by the needs of what is

10 truly at issue substantively.  If any case is left after the motion to dismiss, protective relief

11 will allow the parties to manage discovery within the substantive confines dictated by the

12 Court, so an educated approach to proportionality becomes even possible.

13 ## ARGUMENT

14 **I.    Protective relief is discretionary, yet necessary.**

15   Crytek's opposition quotes district courts that have stated that "as a general matter"

16 courts do not stay discovery where a motion to dismiss is pending (*Vista del Sol Health

17 Care Servs., Inc. v. Nat'l Labor Relations Bd., Region 31*), that discovery should not be

18 delayed "every time" a dispositive motion is pending (*Carver Int'l, Inc. v. SurfSkate

19 Indus., LLC*), and that there are no "automatic or blanket stays" of discovery when a

20 potentially dispositive motion is pending (*Singh v. Google, Inc.*).  Opp. at 2-4.

21 Defendants do not contend that Rule 12 should halt discovery "as a general matter" or

22 "every time," or "automatically."  Defendants have demonstrated, and Crytek simply

23 ignores, that ***in this case, under the particular circumstances created by Crytek***, the

24 parties should not commence discovery until the Court decides the fully-briefed motion

25 to dismiss, and sets the parameters and future of this case, if any.

26   Crytek submits no rebuttal showing whatsoever.  Crytek retreats to discussing, in

27 generalities, cases in which various circumstances warranted staying discovery pending a

28

DEFENDANTS' REPLY IN FURTHER SUPPORT OF
MOTION FOR A PROTECTIVE ORDER CONTROLLING TIMING AND SCOPE OF DISCOVERY
PENDING RESOLUTION OF MOTION TO DISMISS

2

decision on a motion to dismiss, and attempts to argue that this case does not fall squarely within one of those previously-adjudicated circumstances.  Opp. at 5-9.  Crytek ignores that the wide range of cases noted in the opposition shows that there are *many* circumstances under which Courts have *exercised their discretion* to stay discovery, with each case-by-case inquiry entirely fact-specific.[2]  This case bears unusual hallmarks warranting protective relief while the motion to dismiss is pending, particularly since proportionality must be applied.

## II.  Essential proportionality, relevance, and efficiency are controlled by the surviving substance of the case (if any) that remains properly at issue.

Federal Rule of Civil Procedure 26 was amended in 2015 to dispense with the prior broad discovery standard of "relevant to the subject matter involved in the action," replacing it with a new standard designed to streamline the discovery process.  Under this new Rule 26 standard, parties may only obtain discovery regarding "any nonprivileged matter that is *relevant to any party's claim or defense* and *proportional to the needs* of the case[.]" (emphasis added).  The "parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes."  Fed. R. Civ. P. 26, Advis. Comm. Notes for 2015 Amends.  Crytek's decision to attempt two pleadings that contradict the contract, among numerous other pleading transgressions, renders such a proportionality analysis impossible to apply.

---

[2] The types of cases classified by Crytek include cases pending a transfer decision by the Judicial Panel of Multidistrict Litigation; dubious fraud claims (Crytek's claims are dubious at best, which is why Crytek hid the contract); cases raising questions of immunity; antitrust actions; "patently unmeritorious claims" (here, the Court has Crytek seeking punitive damages for copyright and contract claims, both prohibited by black-letter law, and without even identifying infringing works); claims barred by applicable statutes of limitations; and patent cases with procedural deficiencies.  Crytek points to no authority stating that a motion such as this one *may only* be granted in the specific circumstances enumerated in its opposition.

---

### A. Whatever remains (if anything) after the pending motion to dismiss defines relevance and proportionality.

Permitting discovery before the dismissal ruling means no one (Court, parties, counsel) can tell if the overwhelming discovery propounded is proportional or relevant to anything. Permitting Crytek to proceed with such discovery before the viability and parameters of Crytek's unusual pleading have even been determined by the Court is likely to cause an unnecessary and unwarranted waste of Defendants' resources.

Crytek pretends that there is something improper about Defendants moving for relief. It thinks that Defendants and their counsel should have isolated particular objections to Crytek's 69 individual document discovery requests and its enormously broad and compound interrogatory seeking information on every iteration of every product developed by Defendants, and should have met and conferred with Crytek regarding each one pursuant to the Local Rules, on a pleading that has not moved and should not move off of square one. Opp. at 12. There is every reason for a party moving for broader protective relief where, as here, the troubling circumstances of Crytek's case provide good cause for the Court to control the overall timing and scope of discovery. Once the parameters and the future disposition of the case, if any, are determined, Defendants will, of course, engage in meet and confers with Crytek on any proportional and relevant discovery remaining and bring only disputes that the parties cannot resolve to the Court's attention for intervention and guidance. It would be wasteful and premature for Defendants to do so at this juncture, when the Court would not even be able to assess the propriety of each individual discovery request because the scope and parameters of Crytek's alleged claims are so indeterminate.

### B. Crytek attempts no showing that it would suffer prejudice from protective relief against limitless discovery while the motion to dismiss is pending.

The opposition does not attempt to rebut that there is no bona fide urgency to Crytek's discovery. Crytek attempts no showing (declaration or evidence) that Crytek

---

would suffer prejudice from protective relief until the Court has had a chance to rule on the motion to dismiss, which would allow the parties to understand what, if anything, is left and apply proportionality to that.  The only impediment that Crytek notes in its opposition is that a temporary stay might not allow it enough time to analyze the "millions of lines of code" it has sought in discovery before the July 16, 2019 trial date *that Crytek itself has unilaterally proposed* and that has not been set by the Court (and, on the current pleading, could never be set).  Opp. at 10; Joint Rule 26(f) Report at 15 [ECF 28].  This statement underscores how Crytek overreaches in discovery.

By contrast, if protective relief is not granted, Defendants will be prejudiced, given that they cannot possibly measure proportionality or relevance.  As things now stand, Defendants must choose between spending time and money responding to Crytek's sprawling discovery requests, including for "millions of lines of code," or engaging in senseless individual disputes over virtually every discovery request, all on a case that should never survive a Rule 12 motion.

## III.   Crytek has taken peculiar and questionable steps in this action.

### A.   The case is off to a bad start since the hidden contract precludes virtually every one of Crytek's claims.

Crytek asserts claims for breach of contract and copyright infringement, but the unusual manner in which Crytek pleaded raises red flags about discovery abuse.  As best Defendants can tell, Crytek's claims center on a particular Game License Agreement (the "GLA") between Crytek and defendant CIG.  Crytek conspicuously omitted this contract from its two attempts at pleading so far.  The express language of the GLA precludes virtually every claim asserted by Crytek.  The GLA is currently before Judge Gee on Rule 12.  Crytek's actions and omission make this case different than the run-of-the-mill breach of contract claim regarding reasonable disputes over interpretation or claims of non-performance of an attached contract.

Crytek's opposition characterizes Defendants' confidence in the strength of their

underlying motion to dismiss as "hyperbolic" (Opp. at 9), but Defendants are not simply asking the Magistrate Judge to take their word for it.  On a protective order motion, the Court possesses the power to take a "preliminary peek" at the merits of Defendants' fully-briefed motion to dismiss.  It will see for itself that Crytek's furtive claims are baseless, or at a minimum, have a strong likelihood of being dismissed outright or being severely truncated.  *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 286 (S.D. Cal. 2000) (court considered whether there appeared to be "an immediate and clear possibility" that a dispositive motion would be granted after taking "preliminary peek" at the merits of the motion).  The strength of Defendants' motion to dismiss (and Crytek's profound evasiveness) demonstrates that Crytek's pleading is in the same vein as the "patently unmeritorious claims" cited in Crytek's opposition that led the court in those cases to stay discovery.  Opp. at 7-9; *Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94-cv-2120, 1996 WL 101277, at *4 (S.D.N.Y. Mar. 7, 1996) (Court granted motion to stay discovery pending a decision on a dispositive motion when a preliminary look at the underlying motion showed that "the motion [was] not unfounded in the law and appear[ed] to have substantial grounds"; internal quotations omitted).  Defendants entreat the Magistrate Judge to have a look.

**B.    Crytek's propounded discovery requests exceed all possible proportion and inflict maximum burden.**

Without a responsible pleading, Crytek has propounded 69 document requests seeking everything under the sun, and a remarkably compound interrogatory seeking everything about every iteration of every product developed by Defendants.  These discovery requests are so broad that essentially every aspect of Defendants' business (product development, personnel matters, financial data, relationships with third parties, etc.) would be disrupted.  The sheer overbreadth, unlimited scope, and intrusive nature of the discovery requests that Crytek has propounded to date reveal that Crytek's litigation tactic is to inundate Defendants with discovery demands out of all reasonable proportion,

---

designed to nobble Defendants from their business, divert their resources, and cause Defendants to incur substantial legal fees, even though it is distinctly dubious this pleading can proceed past Rule 12.

The current state of this matter presents troubling and unusual circumstances that courts look at to grant protective relief while a motion to dismiss is pending.  *Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94-Civ-2120-LMM, 1996 WL 101277, *3-4 (S.D. N.Y. Mar. 7, 1996) (granting stay of discovery and noting that the discovery requests already propounded were "quite extensive" and the underlying dispositive motion "appear[ed] to have substantial grounds"); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1356-58, 1368 (11th Cir. 1997) (finding the district court failed to properly manage discovery where the plaintiffs' claims were "dubious" and "of questionable validity," and where plaintiffs "asked for production of nearly every document ever made that would list or assist in finding every person that ever had anything to do with any component of" the product at issue, as well as all "similar" products).

### C.   *McCall v. Monsanto* **presents completely different circumstances.**

Crytek's opposition relies on Judge Gee's denial of a motion to stay in *McCall v. Monsanto* (Opp. 1, 4-5), as though all cases are the same.[3]  Crytek deliberately omitted the key facts of that case that easily distinguish this case from *McCall*.

Crytek neglects that, in *McCall*, the defendant moved for relief until the court ruled on a motion to dismiss that ***defendant had not yet filed*** but stated it ***intended*** to file within the next month.  *McCall v. Monsanto Co.,* No. 16-cv-1609, at 3 (C.D. Cal. Apr. 29, 2016), ECF No. 35.  The Court noted that, without having the opportunity to review

---

[3] Notably, while Crytek quotes the *McCall* decision on the first page of the Opposition, it omits the final sentence of that quote, presumably because it does not support Crytek's position:  "Of course, the Court expects that the parties' counsel will exercise sound professional judgment to refrain from making burdensome or duplicative discovery requests . . . ."  *McCall,* No. 16-cv-1609 at 3.

the defendant's "hypothetical motion to dismiss," the Court could not evaluate whether defendant was likely to succeed on the merits. *Id.* In contrast, here, Defendants' motion has been filed, fully-briefed, and taken under submission by the Court. The Court is empowered to review it to evaluate whether Defendants are likely to succeed on the merits.

Crytek also omits that Judge Gee also based her decision in *McCall* on the fact that the defendant in that case was already "engaged in similar or identical discovery in several other cases" brought against it by similarly-situated plaintiffs. *Id.* Given this fact, the Court found that there was no indication that denial of the motion to stay would cause the defendant irreparable injury. *Id.* Here, Defendants are not engaged in any similar litigation with other plaintiffs that would require Defendants to engage in "similar or identical discovery." Responding to Crytek's boundless discovery requests at this juncture (before the bounds of this case, if any, have been guided by the Court) would require Defendants to expend outrageous amounts of time, money, and resources that they otherwise would not be expending.

**IV.   The Parties agree that it would be appropriate for the Court to conduct a conference with the Parties to discuss the orderly administration of discovery.**

Defendants alternatively prayed for the Court to at the very least conduct a conference to supply orderly administration of discovery in this matter, including the issues raised by Defendants in the parties' Joint Rule 26(f) Report [ECF 28]. Crytek "would of course welcome any conference that the Court wishes to hold."[4] Opp. at 11. Given the parties' mutual agreement that a conference to discuss the orderly administration of discovery would be appropriate, Defendants are confident that, if

---

[4] Crytek states that "Defendants are not correct when they complain that '[t]o date, Crytek has been unwilling to agree to any reasonable limitations on the timing or scope of discovery." Opp. at 11. Crytek fails to provide any further details or evidence about why or how Defendants are "not correct" on this point.

discovery is to proceed at all, such a conference would allow for the development of a controlled discovery plan satisfying Fed. R. Civ. P. 1 and the requirements of Fed. R. Civ. P. 26.

## CONCLUSION

This is not a case where a plaintiff pled straightforward breaches of an attached written contract.  This is not a case where a plaintiff alleged that defendant's work A infringed plaintiff's work B.  Instead, this is a case where a plaintiff has subjected Defendants to ridiculous positions like punitive damages for contract breach, and to prepare a Rule 11 motion for factually-false statements, and now to answer and object to behemoth discovery where proportionality is impossible to fathom because it is not at all clear what, if anything, is at issue.  The Court should issue practical protective relief controlling the timing and scope of discovery in this matter until the Court decides Defendants' motion to dismiss so any claims remaining in the lawsuit, and thus discovery proportionality, are determined in a responsible fashion.  Alternatively, Defendants request a conference before the Court so that the parties and the Court may conceive orderly administration of proportional discovery in this matter.

Dated: April 3, 2018        FRANKFURT KURNIT KLEIN & SELZ P.C.

BY:  */s/ Jeremy S. Goldman*
      Joseph R. Taylor (SBN 129933)
      Jeremy S. Goldman (SBN 306943)
      Azita M. Iskandar (SBN 280749)
      2029 Century Park East, Suite 1060
      Los Angeles, California 90067
      Telephone: (310) 579-9600
      Facsimile: (347) 438-2156
      E-Mail:jtaylor@fkks.com
            jgoldman@fkks.com
            aiskandar@fkks.com

      Attorneys for Defendants CLOUD IMPERIUM GAMES CORP. and ROBERTS SPACE INDUSTRIES CORP.

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of April, 2018, I electronically filed the foregoing DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION FOR A PROTECTIVE ORDER CONTROLLING TIMING AND SCOPE OF DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS, with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Kurt Wm Hemr
Skadden Arps Slate Meagher and Flom LLP
Four Times Square
New York, NY 10036
kurt.hemr@skadden.com

Kevin James Minnick
Skadden Arps Slate Meagher and Flom LLP
300 South Grand Avenue Suite 3400
Los Angeles, CA 90071
kevin.minnick@skadden.com

James Young Pak
Skadden Arps Slate Meagher and Flom LLP
525 University Avenue Suite 1400
Palo Alto, CA 94301
James.Pak@skadden.com

Paramjeet Singh Sammi
Skadden Arps Slate Meagher and Flom LLP
Four Times Square
New York, NY 10036
anthony.sammi@skadden.com

Azniv Khararjian