# Exhibit 31

Exhibit 31
229

JAMES Y. PAK (SBN 304563)
*james.pak@skadden.com*
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1400
Palo Alto, CA 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

KEVIN J. MINNICK (SBN 269620)
*kevin.minnick@skadden.com*
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Telephone: (213) 687-5000
Facsimile:  (213) 687-5600

P. ANTHONY SAMMI (admitted *pro hac vice*)
*anthony.sammi@skadden.com*
KURT WM. HEMR (admitted *pro hac vice*)
*kurt.hemr@skadden.com*
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

Attorneys for Plaintiff,
Crytek GmbH

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| CRYTEK GMBH,<br><br>             Plaintiff,<br><br>        v.<br><br>CLOUD IMPERIUM GAMES CORP. and ROBERTS SPACE INDUSTRIES CORP.,<br><br>             Defendants. | Case No. 2:17-cv-08937-DMG-FFM<br><br>**PLAINTIFF CRYTEK GMBH'S FIRST SET OF REQUESTS FOR PRODUCTION AND INSPECTION OF DOCUMENTS AND THINGS TO DEFENDANTS**<br><br>Judge:  Hon. Dolly M. Gee<br><br>**Served: January 19, 2018 (by hand)** |

PLAINTIFF CRYTEK GMBH'S FIRST SET OF REQUESTS FOR PRODUCTION

Exhibit 31
230

Please take notice that, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California, Plaintiff Crytek GmbH ("Crytek") hereby requests that Defendants Cloud Imperium Games Corporation ("CIG") and Roberts Space Industries Corporation ("RSI") (collectively, "Defendants") produce for examination, inspection, and copying by Crytek, their attorneys, or others acting on their behalf, the documents and things set forth below at the offices of Crytek's attorneys, Skadden, Arps, Slate, Meagher & Flom LLP, 300 South Grand Avenue Suite 3400, Los Angeles, CA 90071, no later than 30 days after service of these document requests.

## DEFINITIONS

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense. As used in these requests, the words set forth below shall be defined as follows:

1.    The term "COMMUNICATIONS" should be interpreted in its broadest sense to include without limitation all oral or written communications, including but not limited to any writings, e-mails, or other electronically-stored information as that term is defined by Fed. R. Civ. P. 34(a).

2.    The term "COMPLAINT" means the First Amended Complaint filed by Crytek in this litigation on January 2, 2018 and any amendments thereto.

3.    The term "CONCERNING" should be construed in the broadest possible sense to mean referring, regarding, containing, identifying, monitoring, constituting, reflecting, embodying, comprising, stating, dealing with, commenting on, responding to, analyzing, and describing, consisting of, discussing, evidencing, mentioning, pertaining to, citing, summarizing, or bearing any logical or factual connection with the matter discussed, as these terms are understood in the broadest sense.

1
PLAINTIFF CRYTEK GMBH'S FIRST SET OF REQUESTS FOR PRODUCTION

Exhibit 31
231

4.     The term "CRYENGINE" means all versions of the source code, object code, or software for the Crytek CryEngine video game engine, in whole or in part, including but not limited to CryEngine 3.

5.     The term "CRYTEK" means Crytek GmbH and its successors, divisions, subsidiaries, and affiliates, located both in the United States and in any other country, each other person directly or indirectly, wholly or in part, owned or controlled by it, and each joint venture to which it is a party, and all present and former directors, officers, employees, agents, consultants, or other persons acting for or on behalf of it.

6.     The term "DEFENDANTS" means CIG and RSI, conjunctively and disjunctively, and includes CGI, RSI, and their respective successors, divisions, subsidiaries, and affiliates, located both in the United States and in any other country, each other person directly or indirectly, wholly or in part, owned or controlled by CIG or RSI, and each joint venture to which CIG or RSI is a party, and all present and former directors, officers, employees, agents, consultants, or other persons acting for or on behalf of CIG or RSI.  By way of example only, a request for documents from DEFENDANTS should be construed as a request for documents from CIG, a request for documents from RSI, and a request for documents from both CIG and RSI.

7.     The term "DOCUMENTS" means any written, printed, typed, recorded, or graphic matter, however produced, reproduced or stored, including the originals and all non-identical copies, whether different from the originals by reason of any notations made on such copies or otherwise, in the actual or constructive possession, custody, or control of Defendants, including, but not limited to, contracts, letter agreements, records, correspondence, COMMUNICATIONS, electronically stored information, e-mails, tweets, Web log (blog) or Web forum posts or comments, text messages on portable devices, Blackberry Messenger messages, SMS messages, memoranda, handwritten notes, source code comments, source repository logs,

2

records or summaries of negotiations, records or summaries of interviews or conversations, audio or video recordings, all Web-based media, photographs, corporate minutes, diaries, telephone logs, instant messaging logs, chat room logs, schedules, drawings, product storyboards, product mockups, statistical statements, work papers, disks, data cards, films, data processing files, charts, graphs, microfiche, microfilm, contracts, notices, reports, recitals, statements, worksheets, abstracts, resumes, summaries, jottings, market data, books, journals, ledgers, audits, maps, diagrams, research documents, newspapers, appointment books, desk calendars, project management charts task management records (e.g., To-do lists), expense reports, computer printout and other computer readable or electronic records, and all drafts or modifications thereof, and all non-identical copies of any such items. Any such DOCUMENT bearing on any sheet or part thereof of any marks such as initials, stamped indices, comments, or notations or any character or characters which are not part of the signed text or photographic reproduction thereof is to be considered as a separate DOCUMENT. Where there is any question about whether a tangible item otherwise described in these requests falls within the definition of "DOCUMENTS," such tangible item shall be produced.

8.      The term "PERSONS" means and refers to any natural person, firm, corporation, partnership, group, association, governmental entity, or business entity.

9.      The term "PRODUCT" or "PRODUCTS" means and refers to each good, product, service, or thing made, sold, offered for sale, imported, distributed, or currently being developed by DEFENDANTS, past or present, including but not limited to Star Citizen, Squadron 42, and any game engines embedded within PRODUCTS, including but not limited to CRYENGINE.

10.     The words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of a request any DOCUMENTS which otherwise would not be brought within its scope.

PLAINTIFF CRYTEK GMBH'S FIRST SET OF REQUESTS FOR PRODUCTION
Exhibit 31
233

1    11.   "Any" and "all" are mutually interchangeable and are meant to encompass each other.

2    12.   The singular includes the plural and vice versa.

3    13.   The past tense shall be construed to include the present tense and vice versa.

## INSTRUCTIONS

1.   These requests are intended to cover all DOCUMENTS in Defendants' possession, custody, or control, whether located at any of Defendants' offices, or at the offices of Defendants' successors or assigns, accountants, agents, employees, directors, officers, representatives, attorneys, assistants, bankers, brokers, or others, or at any other place. If any DOCUMENT was, but is no longer, in Defendants' possession or subject to Defendants' control, or in existence, state whether it: (i) is missing or lost; (ii) has been destroyed; (iii) has been transferred, voluntarily or involuntarily, to others (and if so, to whom); or (iv) has been disposed of in some other manner. If Defendants have reason to believe a responsive DOCUMENT is in the possession of a third party, state: (i) the basis for this belief; (ii) the party believed to be in possession of the responsive DOCUMENTS; (iii) where Defendants believe the responsive DOCUMENTS may be located; and (iv) other information as is sufficient to identify the DOCUMENTS for a subpoena duces tecum.

2.   If a DOCUMENT that is responsive to a request has been lost or destroyed, it should be identified as follows: (i) preparer; (ii) addressor (if different); (iii) addressee; (iv) each recipient and each PERSON to whom distributed or shown; (v) date prepared; (vi) date transmitted (if different); (vii) date received; (viii) description of contents and subject matter; (ix) date of destruction; (x) manner of destruction; (xi) name, title, and address of the PERSON who directed that the DOCUMENT be destroyed and (if different) the PERSON who destroyed the DOCUMENT; (xii) the reason for the destruction of the DOCUMENT; (xiii) the

PLAINTIFF CRYTEK GMBH'S FIRST SET OF REQUESTS FOR PRODUCTION

Exhibit 31
234

1 names of PERSONS having knowledge of the destruction; and (xiv) a full
2 description of the efforts made to locate the DOCUMENT.

3       3.     The production should include every DOCUMENT known to
4 Defendants and every such DOCUMENT which can be located or discovered by
5 reasonably diligent efforts by Defendants.

6       4.     If any of the requested DOCUMENTS cannot be disclosed or produced
7 in full, produce the DOCUMENTS to the extent possible, and specify Defendants'
8 reasons for Defendants' inability to produce the remainder, stating whatever
9 information, knowledge, or belief Defendants has concerning the unproduced
10 portions.

11      5.     If any of the DOCUMENTS requested below are claimed to be
12 privileged or are otherwise withheld, Defendant is requested to provide a privilege
13 log which identifies: (i) the date of the DOCUMENT; (ii) the author of the
14 DOCUMENT; (iii) the primary addressee of the DOCUMENT; (iv) any secondary
15 addressee(s) of the DOCUMENT; PERSONS copied and recipient (and the
16 relationship of those PERSONS to the client and/or author of the DOCUMENT); (v)
17 type of DOCUMENT (e.g., internal memo, letter with enclosures, draft affidavit,
18 etc.); (vi) client (i.e., party asserting privilege); (vii) attorneys; (viii) subject matter of
19 the DOCUMENT; (ix) purpose of the DOCUMENT (i.e., legal claim for privilege);
20 and (x) whether the DOCUMENT is work product or attorney-client privileged.

21      6.     All DOCUMENTS or other things responsive to a request shall be
22 produced as they are kept in the usual course of business or shall be organized and
23 labeled to correspond to the request to which they are responsive.

24      7.     Any DOCUMENT responsive to a request should be produced in and
25 with a file folder and other DOCUMENT (e.g., envelope, file cabinet marker) in or
26 with which the DOCUMENT was located when this request was served.

27      8.     All pages of any DOCUMENTS now stapled or fastened together
28 should be produced stapled or fastened together.

PLAINTIFF CRYTEK GMBH'S FIRST SET OF REQUESTS FOR PRODUCTION
Exhibit 31
235

9.     If it is otherwise not possible to produce any DOCUMENT called for by any request, or if any part of any request is objected to, the reasons for the objection should be stated with specificity as to all grounds and, for the convenience of the Court and the parties, each request should be quoted in full immediately preceding the objection.   Additionally, the objection must state whether any responsive materials are being withheld on the basis of that objection.

10.     These DOCUMENT requests shall be deemed continuing and require further and supplemental production by Defendants as and whenever Defendants acquires, makes, or locates additional DOCUMENTS between the time of the initial production and the time of final judgment in this action.

11.     If information stored in, or accessible through, a computer or other data retrieval system is produced in electronic form, please provide instructions and all other materials necessary to access or interpret such data.

12.     If any portion of a DOCUMENT is considered responsive to any request, the request shall be construed as requesting production of the entire DOCUMENT.

13.     All other discovery rules of the Federal Rules of Civil Procedure and the Local Rules of the Central District of California should be complied with.

6
PLAINTIFF CRYTEK GMBH'S FIRST SET OF REQUESTS FOR PRODUCTION

Exhibit 31
236

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All COMMUNICATIONS between CRYTEK and DEFENDANTS, whether by e-mail, private messaging, or forum posts, exchange of media, or file transfer protocol, and all DOCUMENTS incorporating or referencing those COMMUNICATIONS, including but not limited to e-mail chains forwarding those COMMUNICATIONS in whole or in part or commenting on those COMMUNICATIONS.

**REQUEST FOR PRODUCTION NO. 2:**

To the extent not requested by the prior requests contained herein, all COMMUNICATIONS between Chris Roberts and Ortwin Freyermuth CONCERNING the PRODUCTS, any game engine including but not limited to CRYENGINE, or the formation of DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 3:**

To the extent not requested by the prior requests contained herein, all DOCUMENTS and COMMUNICATIONS that refer to any game engine including but not limited to CRYENGINE.

**REQUEST FOR PRODUCTION NO. 4:**

All direct and indirect contracts and agreements between DEFENDANTS and Chris Roberts.

**REQUEST FOR PRODUCTION NO. 5:**

All direct and indirect contracts and agreements between DEFENDANTS and Ortwin Freyermuth.

**REQUEST FOR PRODUCTION NO. 6:**

All versions of source code, object code, or software associated with the PRODUCTS, including but not limited to versions contained in electronic work directories, shared drives, common directories, or libraries.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not requested by the prior requests contained herein, all DOCUMENTS that originated at CRYTEK, or are derived from DOCUMENTS that originated at CRYTEK, including by way of example CRYENGINE.

**REQUEST FOR PRODUCTION NO. 8:**

To the extent not requested by the prior requests contained herein, all DOCUMENTS CONCERNING any representations made by DEFENDANTS to any party regarding ownership of intellectual property in the PRODUCTS.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS or COMMUNICATIONS CONCERNING the Game License Agreement dated November 20, 2012, including but not limited to the Game License Agreement itself and any exhibits or amendments thereto.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS or COMMUNICATIONS CONCERNING the Licensing Terms Sheet dated October 6, 2012, including but not limited to the Licensing Terms Sheet itself.

**REQUEST FOR PRODUCTION NO. 11:**

To the extent not requested by the prior requests contained herein, all contracts or agreements between DEFENDANTS and CRYTEK and all DOCUMENTS or COMMUNICATIONS CONCERNING those contracts or agreements.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS or COMMUNICATIONS CONCERNING requests for technology, source code, object code, software, animations, images, advice, information, or assistance from CRYTEK or its current or former employees, including but not limited to all COMMUNICATIONS from CRYTEK responding to any such requests.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS sufficient to identify and reflect the organizational structure of DEFENDANTS, including but not limited to company directories, and the identification of corporate and/or business departments, whether formally or informally delineated, total number of employees, and each employee's title, job description, and reporting chain.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS or COMMUNICATIONS CONCERNING the corporate structure and relationship between and among Cloud Imperium Games Corp.; Roberts Space Industries Corp.; Cloud Imperium Games, LLC; Cloud Imperium LLC; Cloud Imperium Rights, LLC, Roberts Space Industries LLC, Cloud Imperium Services, LLC, Cloud Imperium Games Texas LLC, Cloud Imperium Games UK Limited, Cloud Imperium Rights LLC, Foundry 42 Limited, Gemini 42 Entertainment LLC, Gemini 42 Productions, LLC, Roberts Space Industries International Ltd., and Twin Bros. GmbH, including but not limited to organizational charts.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS CONCERNING meetings of the board of directors, executives, or management team of DEFENDANTS at which CRYENGINE, CRYTEK, or CRYTEK's current or former employees were discussed.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS CONCERNING the ownership of the DEFENDANTS, including lists of past and present shareholders and their respective interests.

**REQUEST FOR PRODUCTION NO. 17:**

To the extent not requested by the prior requests contained herein, all DOCUMENTS CONCERNING the ownership interest of Chris Roberts in DEFENDANTS.

9

PLAINTIFF CRYTEK GMBH'S FIRST SET OF REQUESTS FOR PRODUCTION

Exhibit 31
239

**REQUEST FOR PRODUCTION NO. 18:**

To the extent not requested by the prior requests contained herein, all DOCUMENTS CONCERNING the ownership interest of Ortwin Freyermuth in DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 19:**

All COMMUNICATIONS CONCERNING (i) CRYTEK or (ii) any game engine including but not limited to CRYENGINE, between DEFENDANTS and any PERSONS or entities that have made any financial contribution (whether or not in exchange for any consideration) to support the development of the PRODUCTS.

**REQUEST FOR PRODUCTION NO. 20:**

A forensic copy of all past and present versions of DEFENDANTS' websites, including but not limited to www.cloudimperiumgames.com and www.robertsspaceindustries.com.

**REQUEST FOR PRODUCTION NO. 21:**

DOCUMENTS sufficient to identify the funds, contributions, or support provided to DEFENDANTS by any PERSONS or entities.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS CONCERNING the PRODUCTS that have been or are available online, including but not limited to video clips and uncut and original versions of video clips posted on DEFENDANTS' YouTube, Twitch, Twitter, Facebook, or other social media websites and applications.

**REQUEST FOR PRODUCTION NO. 23:**

To the extent not requested by the prior requests contained herein, all uncut and original versions of video clips that have been or are available online, including but not limited to the uncut and original version of the video clip available online at www.youtube.com/watch?v=2Piy-ibiq1M.

PLAINTIFF CRYTEK GMBH'S FIRST SET OF REQUESTS FOR PRODUCTION
Exhibit 31
240

**REQUEST FOR PRODUCTION NO. 24:**

To the extent not requested by the prior requests contained herein, all DOCUMENTS and COMMUNICATIONS CONCERNING the Star Citizen Kickstarter project located at www.kickstarter.com/projects/cig/star-citizen, or any other crowdfunding project CONCERNING the PRODUCTS.

**REQUEST FOR PRODUCTION NO. 25:**

Documents sufficient to identify each and every PRODUCT, including but not limited to the Star Citizen and Squadron 42 video games, specifically the dates of conception and the names and roles of any employees or contractors of DEFENDANTS involved in the development of each PRODUCT.

**REQUEST FOR PRODUCTION NO. 26:**

All manuals, instructions, and instructional material, design drawings or renderings, and technical DOCUMENTS or COMMUNICATIONS CONCERNING the PRODUCTS.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS or COMMUNICATIONS CONCERNING the marketing or publicity of each version of the PRODUCTS, including but not limited to press releases, product launch announcements, fact sheets, presentations, fundraising materials, sales literature, brochures, catalogs, trade letters, press releases, audio or video files, materials posted on internet websites and message boards, information prepared for electronics or gaming shows and conventions, and other marketing materials.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS and COMMUNICATIONS CONCERNING CRYENGINE, including but not limited to  press releases, product launch announcements, fact sheets, presentations, fundraising materials, sales literature, brochures, catalogs, trade letters, press releases, audio or video files, materials posted

11
PLAINTIFF CRYTEK GMBH'S FIRST SET OF REQUESTS FOR PRODUCTION

Exhibit 31
241

1   on internet websites and message boards, information prepared for electronics or
2   gaming shows and conventions, and other marketing materials.

3   **REQUEST FOR PRODUCTION NO. 29:**

4     All DOCUMENTS and COMMUNICATIONS CONCERNING any game
5   engine, including but not limited to press releases, product launch announcements,
6   fact sheets, presentations, fundraising materials, sales literature, brochures, catalogs,
7   trade letters, press releases, audio or video files, materials posted on internet websites
8   and message boards, information prepared for electronics or gaming shows and
9   conventions, and other marketing materials.

10   **REQUEST FOR PRODUCTION NO. 30:**

11     To the extent not requested by the prior requests contained herein, all
12   DOCUMENTS and COMMUNICATIONS CONCERNING DEFENDANTS'
13   involvement with demonstrations, booths, presentations, and panels at electronics or
14   gaming shows or conferences, including but not limited to any DOCUMENTS
15   identifying attendees at each electronics or gaming show or conference.

16   **REQUEST FOR PRODUCTION NO. 31:**

17     To the extent not requested by the prior requests contained herein, all
18   DOCUMENTS and COMMUNICATIONS CONCERNING the PRODUCTS.

19   **REQUEST FOR PRODUCTION NO. 32:**

20     All versions of source code (including but not limited to source code
21   comments), object code, and software for each of the PRODUCTS, including but not
22   limited to the Star Citizen and Squadron 42 video games.

23   **REQUEST FOR PRODUCTION NO. 33:**

24     All DOCUMENTS that reflect current or past revisions or additions to any and
25   all versions of the source code for each of the PRODUCTS, including but not limited
26   to the Star Citizen and Squadron 42 video games, specifically those DOCUMENTS
27   that reflect the author of each revision or addition and the date on which each
28   revision or addition was made.

**REQUEST FOR PRODUCTION NO. 34:**

All versions of source code (including but not limited to source code comments), object code, and software for CRYENGINE.

**REQUEST FOR PRODUCTION NO. 35:**

All versions of source code (including but not limited to source code comments), object code, and software for any game engine.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS that reflect current or past revisions or additions to any and all versions of the source code for CRYENGINE or any other game engine, specifically those DOCUMENTS that reflect the author of each revision or addition and the date on which each revision or addition was made.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS and COMMUNICATIONS CONCERNING any similarities or differences between the PRODUCTS and CRYENGINE, including without limitation any DOCUMENTS and COMMUNICATIONS regarding the testing thereof.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS and COMMUNICATIONS CONCERNING any similarities or differences between CRYENGINE and any other game engine, including without limitation any DOCUMENTS and COMMUNICATIONS regarding a comparison thereof.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS CONCERNING the destruction or loss of any source code, object code, or software for any of the PRODUCTS.

**REQUEST FOR PRODUCTION NO. 40:**

To the extent not requested by the prior requests contained herein, DOCUMENTS sufficient to identify all source code repository system or software used by DEFENDANTS.

13

PLAINTIFF CRYTEK GMBH'S FIRST SET OF REQUESTS FOR PRODUCTION

Exhibit 31
243

**REQUEST FOR PRODUCTION NO. 41:**

To the extent not requested by the prior requests contained herein, all source code, object code, or software containing a CRYTEK copyright notice.

**REQUEST FOR PRODUCTION NO. 42:**

To the extent not requested by the prior requests contained herein, all DOCUMENTS that reflect any efforts to remediate, rewrite, or clean room any of the PRODUCTS.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS and COMMUNICATIONS CONCERNING any game engine, netcode, or editor license for the PRODUCTS, including but not limited to the license agreement itself and any consideration paid.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS or COMMUNICATIONS CONCERNING any efforts or attempts by DEFENDANTS to obtain or utilize information, technology or know-how of CRYTEK.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS CONCERNING any investigation into whether DEFENDANTS possess or have used or disclosed materials that are, or that CRYTEK has asserted are, copyrighted or otherwise owned by CRYTEK.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS that identify and describe those PERSONS or entities that have or have had access to the PRODUCTS, including but not limited to Faceware Technologies.   PERSONS and entities include but are not limited to suppliers, vendors, and visitors to DEFENDANTS' offices and displays or demonstrations at electronics or gaming shows or conventions, technicians, partners, consultants, and customers.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS that identify and describe those PERSONS or entities that have or have had access to CRYTEK source code, object code, or software in DEFENDANTS' possession, including but not limited to Faceware Technologies. PERSONS and entities include but are not limited to suppliers, vendors, visitors to DEFENDANTS' offices and displays or demonstrations at electronics or gaming shows or conventions, technicians, partners, consultants, and customers.

**REQUEST FOR PRODUCTION NO. 48:**

Documents sufficient to identify each employee of DEFENDANTS that was previously employed by CRYTEK, including but not limited to the name of that employee and their job responsibilities.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS and COMMUNICATIONS CONCERNING the departure of, or the recruitment, solicitation, interviewing, consideration for hire, or hiring of current or past employees of CRYTEK.

**REQUEST FOR PRODUCTION NO. 50:**

The employee or personnel file for Chris Roberts, Ortwin Freyermuth, Carl Jones, Sean Tracy, Hannes Appell, Francesco Riziero Di Mizio, Chris Nolan, Marco Corbetta, Carsten Wenzel, Christopher Raine, and Christopher Bolte including but not limited to any employment, confidentiality, non-compete, or non-disclosure agreements.

**REQUEST FOR PRODUCTION NO. 51:**

All DOCUMENTS, including but not limited to investment memoranda and proposals, CONCERNING the business and/or valuation of DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 52:**

All DOCUMENTS, including but not limited to investment memoranda and proposals, CONCERNING the business and/or valuation of the PRODUCTS.

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS, including but not limited to investment memoranda and proposals, CONCERNING the business and/or valuation of CRYTEK or CRYENGINE.

**REQUEST FOR PRODUCTION NO. 54:**

All federal or state tax returns filed by or on behalf of DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 55:**

All quarterly or annual financial statements of DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 56:**

All competitive analyses of DEFENDANTS, CRYTEK, the video game engine market, or the video game market.

**REQUEST FOR PRODUCTION NO. 57:**

All DOCUMENTS and COMMUNICATIONS CONCERNING a license or agreement for any game engine, including but not limited to any license or agreement itself.

**REQUEST FOR PRODUCTION NO. 58:**

Documents sufficient to identify each version or iteration of agreements or contracts with DEFENDANTS' past, present, or potential suppliers, contractors, and customers.

**REQUEST FOR PRODUCTION NO. 59:**

All DOCUMENTS CONCERNING business plans, forecasts, financial statements or analyses, or projections of DEFENDANTS or the PRODUCTS.

**REQUEST FOR PRODUCTION NO. 60:**

Documents sufficient to determine DEFENDANTS' total profits and revenue, and profits and revenue derived from each of the PRODUCTS, for each fiscal year and quarter from inception to the present.

PLAINTIFF CRYTEK GMBH'S FIRST SET OF REQUESTS FOR PRODUCTION
Exhibit 31
246

**REQUEST FOR PRODUCTION NO. 61:**

Documents sufficient to identify costs incurred by DEFENDANTS to develop the PRODUCTS.

**REQUEST FOR PRODUCTION NO. 62:**

All DOCUMENTS CONCERNING the pricing or pricing plans for the PRODUCTS.

**REQUEST FOR PRODUCTION NO. 63:**

Documents sufficient to identify document preservation polices and/or practices of DEFENDANTS, including but not limited to the policies and/or practices in relation to preservation of e-mail and electronically stored DOCUMENTS and COMMUNICATIONS.

**REQUEST FOR PRODUCTION NO. 64:**

All DOCUMENTS and COMMUNICATIONS CONCERNING Ortwin Freyermuth's representation of DEFENDANTS, including but not limited to DOCUMENTS and COMMUNICATIONS CONCERNING any conflict of interest arising from that representation.

**REQUEST FOR PRODUCTION NO. 65:**

All DOCUMENTS and COMMUNICATIONS CONCERNING Ortwin Freyermuth's representation of CRYTEK, including but not limited to DOCUMENTS and COMMUNICATIONS CONCERNING any conflict of interest arising from that representation.

**REQUEST FOR PRODUCTION NO. 66:**

To the extent not requested by the prior requests contained herein, all DOCUMENTS and COMMUNICATIONS CONCERNING the "Bugsmashers!" online video series, including but not limited to video clips and uncut and original versions of video clips.

**REQUEST FOR PRODUCTION NO. 67:**

To the extent not requested by the prior requests contained herein, all DOCUMENTS and COMMUNICATIONS CONCERNING the "Reverse Technology Transfer" provision of the Game License Agreement dated November 20, 2012, including but not limited to any DOCUMENTS and COMMUNICATIONS CONCERNING efforts by DEFENDANTS to comply or not comply with such provision.

**REQUEST FOR PRODUCTION NO. 68:**

To the extent not requested by the prior requests contained herein, an executable or compiled version of each of the PRODUCTS that has been released to the public.

**REQUEST FOR PRODUCTION NO. 69:**

To the extent not requested by the prior requests contained herein, all versions of any splash screen or credits screen used in the PRODUCTS.

PLAINTIFF CRYTEK GMBH'S FIRST SET OF REQUESTS FOR PRODUCTION

Exhibit 31
248

Dated: January 19, 2018

KEVIN J. MINNICK (SBN 269620)
kevin.minnick@skadden.com
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Telephone: (213) 687-5000
Facsimile:  (213) 687-5600

P. ANTHONY SAMMI
(admitted *pro hac vice*)
anthony.sammi@skadden.com
KURT WM. HEMR
(admitted *pro hac vice*)
kurt.hemr@skadden.com
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

*/s/ James Y. Pak*
JAMES Y. PAK (SBN 304563)
james.pak@skadden.com
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
525 University Avenue, Suite 1400
Palo Alto, CA 94301
(650) 470-4500
(650) 470-4570

***Attorneys for Plaintiff***
***Crytek GmbH***

19

PLAINTIFF CRYTEK GMBH'S FIRST SET OF REQUESTS FOR PRODUCTION

Exhibit 31

249

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 300 South Grand Avenue, Suite 3400, Los Angeles, California 90071. My email address is nandi.berglund@skadden.com.

On **January 19, 2018**, I served documents described as:

**PLAINTIFF CRYTEK GMBH'S FIRST SET OF REQUESTS FOR PRODUCTION AND INSPECTION OF DOCUMENTS AND THINGS**

on the interested parties in this action as follows:

Jeremy S. Goldman (jgoldman@fkks.com)
Joseph R. Taylor (jtaylor@fkks.com)
Azita M. Iskandar (aiskandar@fkks.com )
Frankfurt Kurnit Klein & Selz PC
2029 Century Park East, Suite 1060
Los Angeles, California 90067
Telephone: (310) 579-9600
Facsimile: (347) 438-2156

Attorneys for Defendants
Cloud Imperium Games Corp. and Roberts Space Industries Corp.

☒ **(BY HAND DELIVERY)** I served the foregoing document by placing it in an envelope addressed to the persons listed above and providing the envelope to a professional courier service for delivery.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **January 19, 2018,** at Los Angeles, California.

| | |
|---|---|
| Nandi L. Berglund | /s/ Nandi L. Berglund |
| Type or Print Name | Signature |

PLAINTIFF CRYTEK GMBH'S FIRST SET OF REQUESTS FOR PRODUCTION
570739 06-PALSR01A - MSW
Exhibit 31
250