# Exhibit 33

Exhibit 33
262



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15                          AUDIO FILE OF

16    Crytek GmbH v. Cloud Imperium Games Corporation, et al.

17

18

19

20

21

22        Transcribed by Jennifer Geraty, CSR No. 13350
                      CLS Job No. 83109
23

24              CENTEXTLEGAL.COM - 855.CENTEXT

25

1

Exhibit 33
263

1              MALE CLERK:   United States Magistrate Judge

2    presiding.   Be seated.

3              THE HONORABLE MUMM:   Calling case CV17-8937.

4    Crytek GmbH versus Cloud Imperium Games.

5              Appearances, please.

6              MR. SAMMI:   Good morning, Your Honor.

7    P. Anthony Sammi of Skadden Arps, representing

8    plaintiff, Crytek.   With me is Mr. James Pak, also of

9    Skadden Arps, representing plaintiff,  Crytek.

10             THE HONORABLE MUMM:   Good morning.

11             MR. GOLDMAN:   Good morning, Your Honor.

12             Jeremy Goldman, with the law firm Frankfurt,

13   Kurnit, Klein & Selz.   And with me today is Azita

14   Iskandar --

15             THE HONORABLE MUMM:   Good morning.

16             MR. GOLDMAN:   -- for the defendants, Cloud

17   Imperium Games and Roberts Space Industries.

18             THE HONORABLE MUMM:   Good morning.

19             MR. GOLDMAN:   Good morning.

20             THE HONORABLE MUMM:   All right.   This matter

21   is on calendar in connection with a motion for a

22   protective order controlling the timing and the scope of

23   discovery in the action.

24             I note that at least as of the last I checked,

25   the motion to dismiss is still pending; is that correct?

Exhibit 33
264

```
 1              So it appears to me that the biggest -- the --
 2    I guess the larger problem here is not so much the
 3    pendency of the motion to dismiss, but the breadth of
 4    the discovery request.  And so I'm going to deny the
 5    motion to stay, although I will indicate that it appears
 6    to the Court that many of those requests -- I can't
 7    conceive for instance why crowdfunding would be
 8    discoverable.
 9              There's an allegation that crowdfunding was
10    used, but that doesn't seem to have anything to do with
11    these claims of breach of contract.
12              So there's -- there is a lot in there that I
13    would not expect the defendant would be required to
14    respond to.  But I think the appropriate thing is to
15    have the defendant respond to the discovery, assert
16    objections.  The parties can meet and confer, discuss
17    them, and then if they can't resolve it, file a motion
18    to compel, and I'll deal with it then.
19              So I'll hear from the parties.  That's my
20    tentative take, and I guess since my ruling is pretty
21    much against defendants, I'll hear from you first.  And
22    please use the microphone.
23              MR. GOLDMAN:  Thank you, Your Honor.
24              THE HONORABLE MUMM:  Use the electric, please.
25              MR. GOLDMAN:  Oh.  Yes, Your Honor.
```

8

Exhibit 33
265

```
 1                    REPORTER'S CERTIFICATE

 2            I, the undersigned, a Certified Shorthand

 3   Reporter of the State of California, do hereby certify:

 4            That the foregoing electronically-recorded

 5   proceedings were transcribed by me to the best of my

 6   ability.

 7            I further certify I am neither financially

 8   interested in the action nor a relative or employee of

 9   any attorney or party to this action.

10            IN WITNESS WHEREOF, I have this date

11   subscribed my name.

12

13   Dated:  MAY 4, 2018.

14

15

16   _____

17   Jennifer Geraty
     CSR No. 13350

18

19

20

21

22

23

24

25
```

26

Exhibit 33
266