**JOSEPH R. TAYLOR** (SBN 129933)
**JEREMY S. GOLDMAN** (SBN 306943)
**AZITA ISKANDAR** (SBN 280749)
**FRANKFURT KURNIT KLEIN & SELZ, P.C.**
2029 Century Park East, Suite 1060
Los Angeles, California 90067
Telephone: (310) 579-9600
Facsimile: (310) 579-9650
E-Mail: jtaylor@fkks.com
        jgoldman@fkks.com
        aiskandar@fkks.com

Attorneys for Defendants CLOUD IMPERIUM GAMES CORP.
and ROBERTS SPACE INDUSTRIES CORP.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYTEK GMBH, | Case No. 2:17-CV-08937 |
| Plaintiff, | [HON. DOLLY M. GEE] |
| vs. | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO EXTEND PLAINTIFF'S TIME TO RESPOND DEFENDANTS' MOTION FOR A BOND PURSUANT TO CAL. CIV. P. CODE § 1030** |
| CLOUD IMPERIUM GAMES CORP. and ROBERTS SPACE INDUSTRIES CORP., | |
| Defendants. | |

CIG opposes Crytek's pending *ex parte* application. Crytek shows no "emergency," let alone one not of its own creation, that warrants the requested relief. Crytek has enigmatically avoided the "meaningful settlement talks" it promised that induced CIG to agree to the last lengthy extension. Crytek squandered the time without engaging in meaningful settlement talks or preparing its opposition. Crytek then waited until the last business day before its opposition was due, on the Friday afternoon before Memorial Day weekend, to file its application. The Court's tolerant and generous order of May 24, 2019 [ECF 61] should remain undisturbed.[1]

## I. Relevant Background

### A. The Action

Crytek filed this action on December 12, 2017. ECF 1. CIG moved successfully to dismiss several of the most material claims asserted in Crytek's first and second amended complaints. ECF 38, 49.

### B. The Bond Motion

On March 29, 2019, CIG filed the bond motion, seeking an order requiring Crytek, a foreign plaintiff, to deposit an undertaking to secure the award of attorney's fees and costs that CIG expects to obtain as the prevailing party in this action. CIG filed the motion largely due to concerns that Crytek's deteriorating financial condition will render Crytek judgment proof. CIG noticed the hearing for April 26, 2019, making Crytek's opposition due April 5, 2019 and CIG's reply due April 12, 2019.

On April 4, 2019, the parties stipulated to Crytek's request to postpone the hearing to June 28, 2019, making Crytek's opposition due May 28, 2019 and CIG's reply due June 7, 2019. ECF 58. While CIG had pushed Crytek to agree to a tighter schedule, Crytek induced CIG to agree to the more relaxed schedule by promising that Crytek would use the extra time to engage in "meaningful settlement talks," which would include Crytek making a definitive settlement proposal. The schedule also accounted for

---

[1] CIG, its counsel and their families greatly appreciate the Court's prompt action on Friday afternoon and scheduling our response to be due after the Memorial Day weekend.

the fact that the undersigned will be out of the office on a family vacation June 13-23, 2019.  The Court "so ordered" the stipulation on April 5, 2019.  ECF 59.

### C. The Squandered Time

It was not until May 15, 2019—***40 days*** after CIG filed the bond motion and less than two weeks before the opposition deadline—that Crytek's CEO Avni Yerli at last made himself available for a settlement call with CIG's Co-Founder and General Counsel Ortwin Freyermuth.  Yerli, however, talked only in generalities and refused to make a concrete settlement demand.  Instead, he insisted that the parties agree to meet in person in a few weeks to continue their discussions.

On May 21, 2019, a week after the call and just seven days before Crytek's opposition was due, Crytek's counsel emailed CIG's counsel to confirm the parties' plan to meet in person and to propose a 45-day extension of the briefing schedule.  CIG's counsel promptly responded that "we would be happy to work out a reasonable adjustment to the schedule," but only if Crytek first honored its commitment by making "a definitive counter showing even the potential for fruitful settlement discussions around E3[.]"  Crytek's counsel did not reply.  Instead, on May 24, 2019, Yerli sent Freyermuth an email threatening that, unless CIG agreed to an extension, settlement discussion was over.  In response, Freyermuth reiterated that CIG would be happy to extend the deadline but not without a settlement position from Crytek.

### D. The Holiday Application

On May 24, 2019, Crytek filed the pending *ex parte* application for a two-and-a-half week extension of its opposition deadline.  ECF 60.  The application arrived at 4:17 p.m. on the Friday before Memorial Day weekend, the last business day before the deadline.  Judge Gee promptly entered an order continuing Crytek's opposition deadline to June 7, 2019 and CIG's reply deadline to June 14, 2019.  ECF 61.  The Court gave CIG until close of business on May 28, 2019 to oppose Crytek's *ex parte* application.  *Id.*

## II. Argument

Crytek has not met the high burden for *ex parte* relief.

*First*, Crytek cannot show "irreparable prejudice" because Crytek already received a 10-day extension to file its opposition on top of the long extension it already asked for and received. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 489 (C.D. Cal. 1995). 70 days is more than enough. Moreover, Crytek has not shown "good cause" for an extension under Fed. R. Civ. P. 6(b)(1)(A) because it has been "negligent," "lacked diligence," and "abused [the] prior extension[.]" *Godinez v. Law Offices of Clark Garen*, No. 16 Civ. 0828, 2016 WL 4527512, at *1 (C.D. Cal. Aug. 30, 2016) (quoting 1 Moore's Federal Practice, § 6.06[2] (2015)). Crytek fails to explain why it did not use the 60 days preceding the deadline to prepare its opposition papers. Crytek certainly was not using the time to prepare for or engage in the "meaningful settlement talks" that Crytek had promised. It took Crytek **40 days** for its CEO to make himself available for an initial settlement call, and on that call the CEO was not prepared to discuss anything concrete. Crytek abused the first extension and the Court should not reward its lack of diligence by granting Crytek even more time.

*Second*, Crytek cannot show that it "is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Mission Power*, 883 F. Supp. at 493. Any "crisis" is entirely of Crytek's own making. Crytek argues that it "moved promptly and expeditiously for the extension." Appl. ¶ 8. In fact, Crytek waited until May 21, 2019—53 days after CIG filed the bond motion and just a week before Crytek's opposition was due—to ask CIG whether it would agree to a second extension. When CIG said it would do so only if Crytek makes a definitive proposal, Crytek then waited another three days to file the application. There was nothing prompt or expeditious about Crytek's request.

Crytek claims that it "understood, based on the parties' ongoing discussions, that Defendants would agree to this extension to facilitate settlement talks." *Id.* But Crytek does not and cannot state what CIG said or did that left Crytek with that impression. Indeed, CIG made clear, in writing, that it was not willing to delay adjudication of the bond motion unless Crytek made a settlement demand.

*Finally*, Crytek argues that "[n]o party will be prejudiced by the extension requested." Appl. ¶ 9. In fact, the risk that Crytek will leave CIG holding the bag for its costs and attorney's fees increases each day that passes without a security bond. Further delaying adjudication of the bond motion, especially given Crytek's demonstrated refusal to engage in meaningful settlement talks, will indeed prejudice CIG.

## III.  CONCLUSION

The Court should deny Crytek's application. The bond motion should proceed on the schedule set forth in the Court's May 24, 2019 order. ECF 61. To the extent the Court is inclined to grant Crytek additional time, CIG requests that, in setting the reply and hearing dates, the Court take into consideration that the undersigned will be on a family vacation June 13-23, 2019.

Dated:  May 28, 2019

Respectfully submitted,

FRANKFURT KURNIT KLEIN & SELZ, P.C.

BY: */s/ Jeremy S. Goldman*
 Joseph R. Taylor (SBN 129933)
 Jeremy S. Goldman (SBN 306943)
 Azita Iskandar (SBN 280749)
 2029 Century Park East, Suite 1060
 Los Angeles, CA 90067
 Telephone:  (310) 579-9600
 Facsimile:  (310) 579-9650
 E-mail:  jtaylor@fkks.com
   jgoldman@fkks.com
   aiskandar@fkks.com

Attorneys for Defendants CLOUD IMPERIUM GAMES CORP. and ROBERT SPACE INDUSTRIES CORP.