Eric A. Buresh (*pro hac vice*)
eric.buresh@eriseip.com
Adam P. Seitz (*pro hac vice*)
adam.seitz@eriseip.com
Clifford T. Brazen (*pro hac vice*)
cliff.brazen@eriseip.com
Chris R. Schmidt
chris.schmidt@eriseip.com
Erise IP, P.A.
7015 College Blvd.
Suite 700
Overland Park, KS 66211
Phone: (913) 777-5600
Facsimile: (913) 777-5601

Ben M. Davidson (Cal. Bar. No. 181464)
ben@dlgla.com
Davidson Law Group, a Law Corporation
4500 Park Granada Boulevard, Suite 202
Calabasas, CA 91302
Telephone: (818) 918-4622
Facsimile: (310) 473-2941

*Attorneys for Plaintiff Crytek GmbH*

Joseph R. Taylor (SBN 129933)
*jtaylor@fkks.com*
Jeremy S. Goldman (SBN 306943)
*jgoldman@fkks.com*
Azita Iskandar (SBN 280749)
*aiskandar@fkks.com*
FRANKFURT KURNIT KLEIN & SELZ, P.C.
2029 Century Park East, Suite 1060
Los Angeles, California 90067
Telephone: (310) 579-9600
Facsimile: (347) 438-2156

*Attorneys for Defendants Cloud Imperium Games Corp. and Roberts Space Industries Corp.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| CRYTEK GMBH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CLOUD IMPERIUM GAMES CORP. and ROBERTS SPACE INDUSTRIES CORP.,<br><br>　　　　Defendants. | Case No. 2:17-cv-08937-DMG-FFM<br><br>**JOINT STIPULATION FOR THE CONTINUANCE OF TRIAL AND RELATED DATES**<br>**[Filed concurrently with Proposed Order]**<br><br>Judge: Hon. Dolly M. Gee |

**JOINT STIPULATION FOR THE CONTINUANCE OF TRIAL AND RELATED DATES**

Pursuant to Local Rules 7-1 (Stipulations) and 40-1 (Continuances), Plaintiff Crytek GmbH ("Crytek") and Defendants Cloud Imperium Games Corporation and Roberts Space Industries Corporation (together, "CIG"), by and through their undersigned counsel, hereby stipulate and agree to jointly request that the Court continue the present trial date of March 24, 2020 by approximately 3 months, to June 16, 2020, and to continue the related dates set in the Court's March 7, 2019 Schedule of Pretrial & Trial Dates [ECF 55-1] as follows:

1. Crytek filed its initial complaint on December 12, 2017 [ECF 1] and its First Amended Complaint ("FAC") on January 2, 2018 [ECF 18]. On January 5, 2018, CIG moved to dismiss the FAC. ECF 19.

2. CIG moved to stay discovery while its motion to dismiss was pending. ECF 29. On April 17, 2018, Magistrate Judge Mumm denied the motion to stay as moot, holding that the Court's Standing Order did not require the parties to engage in discovery until the Court issued a Scheduling Order. ECF 34.

3. On August 14, 2018, the Court granted in part and denied in part CIG's motion to dismiss the FAC. ECF 38.

4. On August 16, 2018, Crytek filed its Second Amended Complaint ("SAC"). ECF 39. CIG moved to dismiss the SAC on September 6, 2018. ECF 42.

5. Also on September 6, 2018, the Court set a Scheduling Conference for October 12, 2018. ECF 43. In anticipation of that conference, on September 28, 2018, the parties filed a Joint 26(f) report requesting a trial date of March 24, 2020, with associated pre-trial deadlines. ECF 46. On October 11, 2018, the Court vacated the Scheduling Conference. ECF 48.

6. On December 6, 2018, the Court granted CIG's motion to dismiss the SAC, granting Crytek one final opportunity to amend. ECF 49. On January 16, 2019, Crytek gave notice that it would not further amend the SAC. ECF 52. CIG answered the SAC on February 6, 2019. ECF 53.

7. On March 7, 2019, the Court entered the Scheduling Order, which set the trial for the March 24, 2020 date the parties previously proposed on September 28, 2018. ECF 55.

8. On March 29, 2019, CIG filed its motion for a bond pursuant to Cal. Civ. P. Code § 1030. ECF 57. On April 5, 2019, the Court entered an order upon a stipulation between the parties setting a briefing schedule on the bond motion and staying CIG's discovery obligations until the earliest of 30 days after (a) Crytek's compliance with an order granting CIG's bond motion; (b) the Court's entry of an order denying the motion for bond; or (c) August 27, 2019. ECF 59.

9. On May 29, 2019, while CIG's bond motion was still pending, Crytek substituted its former counsel from the Skadden firm with its current counsel of record. ECF 64, 65, 67, 68, 69, 77.

10. On July 18, 2019, the parties participated in a Settlement Conference before Magistrate Judge MacKinnon. ECF 80. The case did not settle. *Id.*

11. On July 22, 2018, the Court granted CIG's bond motion, ordering Crytek to deposit a bond in the amount of $500,000. ECF 81.

12. On August 6, 2019, the parties submitted a Stipulated Protective Order for the Court to enter. ECF 83. To date, the Court has not entered the Stipulated Protective Order.

13. On August 19, 2019, Crytek posted a cashier's check in lieu of the bond. ECF 84.

14. Following the Settlement Conference, the parties have worked cooperatively and in good faith to narrow the issues in this case and to streamline discovery. However, although this case was filed on December 12, 2017, due to the unusual manner this litigation has unfolded (including multiple amendments to the pleadings, the motion for a bond, the absence of a protective order, and the *de facto* stays of discovery discussed above), and despite the parties' best efforts, the discovery and trial schedule set by the Court on March 7, 2019 does not give the

2
**JOINT STIPULATION FOR THE CONTINUANCE OF TRIAL AND RELATED DATES**

1  parties enough time to complete fact and expert discovery, file dispositive motions,
2  and prepare this case for trial.  Good cause therefore exists for a continuance of the
3  trial date and of the related dates set in the Court's March 7, 2019 Schedule of
4  Pretrial & Trial Dates.

5      15.    Moreover, the remaining claims in this case require extensive computer
6  code review that involves both non-expert and expert discovery.  The completion of
7  this code review is crucial to the parties' abilities to bring any dispositive motions.
8  Thus, good cause exists to adjust the current schedule to allow the parties to complete
9  both non-expert and expert discovery prior to the dispositive motion cut-off date.

10     16.    This is the parties' first request for a continuance of the trial date and
11  associated pre-trial deadlines in this case.

12     Based on the foregoing, the parties jointly request that the Court continue the
13  current March 24, 2020 trial date to **Tuesday, June 16, 2020** or an alternative date
14  convenient for the Court, the parties, and their counsel.[1]

15  ///
16  ///

---

[1] Please note that counsel for CIG will be out of the country and unavailable for pre-trial and trial during the month of July 2020.

3

**JOINT STIPULATION FOR THE CONTINUANCE OF TRIAL AND RELATED DATES**

The parties further jointly request that the Court continue the related dates set in the Court's March 7, 2019 Schedule of Pretrial & Trial Dates as follows:

| MATTER | TIME COMPUTATION | JOINTLY REQUESTED DATE |
|---|---|---|
| Trial | | June 16, 2020 8:30 am |
| Final Pretrial Conference (FPTC) | 5 weeks before trial[2] | May 12, 2020 2:00 pm |
| Amended Pleadings and Addition of Parties Cut-Off (includes hearing of motions to amend) | 90 days after scheduling conference | N/A |
| Early Mediation Deadline Joint Report re Results of Early Mediation | | N/A |
| Non-Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 14 wks before FPTC | Feb. 4, 2020 |
| Non-Dispositive Motion Cut-Off (filing deadline) | at least 13 wks before FPTC | Feb. 21, 2020 |
| Dispositive Motion Cut-Off (filing deadline) | 4 wks after Rebuttal Expert Disclosure & Report Deadline | March 31, 2020 |
| Initial Expert Disclosure & Report Deadline | at least 9 wks before FPTC | Feb. 4, 2020 |
| Rebuttal Expert Disclosure & Report Deadline | at least 5 wks before FPTC | Mar. 3, 2020 |
| Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 3 wks before FPTC | Apr. 21, 2020 |
| Second Settlement Conference Completion Date | at least 4 wks before FPTC | Apr. 14, 2020 |
| Motions in Limine Filing Deadline | at least 3 wks before FPTC | Apr. 21, 2020 |
| Opposition to Motion in Limine Filing Deadline | at least 2 wks before FPTC | Apr. 28, 2020 |
| Joint Status Report re Settlement | | Apr. 21, 2020 |
| Proposed Pretrial Conference Order | | Apr. 21, 2020 |

---

[2] While counsel understands that the FPTC date is typically calculated as 4 weeks before trial, due to counsel for Crytek being out of the country, the parties respectfully request that it be held 5 weeks before trial.

| | | |
|---|---|---|
| Contentions of Fact/Law | | Apr. 21, 2020 |
| Pretrial Exhibit Stipulation | | Apr. 21, 2020 |
| Joint Exhibit List | | Apr. 21, 2020 |
| Witness Lists & Joint Trial Witness Time Estimate Form | | Apr. 21, 2020 |
| Agreed Statement of the Case | | Apr. 21, 2020 |
| Proposed Voir Dire Questions | | Apr. 21, 2020 |
| Joint Statement of Jury Instructions & Joint Statement of Disputed Instructions | | Apr. 21, 2020 |
| Verdict Forms | | Apr. 21, 2020 |

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: 9/11/19                         ERISE IP, P.A.

                                       */s/ Clifford T. Brazen*_____
                                           Clifford T. Brazen
                                           Phone: (913) 777-5600
                                           cliff.brazen@eriseip.com
                                           *Attorneys for Plaintiff* CRYTEK GMBH


DATED: 9/11/19                         FRANKFURT KURNIT KLEIN & SELZ P.C.

                                       */s/ Jeremy S. Goldman*_____
                                           Jeremy S. Goldman
                                           Phone: (310) 579-9611
                                           jgoldman@fkks.com
                                           *Attorneys for Defendants* CLOUD
                                           IMPERIUM GAMES CORP. and
                                           ROBERTS SPACE INDUSTRIES CORP


### ATTESTATION

Pursuant to Central District Local Rule 5-4.3.4(a)(2)(i), the filer of this document hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

5
**JOINT STIPULATION FOR THE CONTINUANCE OF TRIAL AND RELATED DATES**