# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYTEK GMBH,<br><br>    Plaintiff,<br><br>v.<br><br>CLOUD IMPERIUM GAMES CORP., and ROBERTS SPACE INDUSTRIES CORP.,<br><br>    Defendants. | Case No.: CV 17-8937-DMG (FFMx)<br><br>**ORDER GRANTING PLAINTIFF CRYTEK GMBH'S APPLICATION TO FILE UNDER SEAL UNREDACTED PORTION OF PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR VOLUNTARY DISMISSAL [94][95]** |

    The Court has considered Plaintiff's Application to File Under Seal Portions of its Memorandum in Support of its Motion for Voluntary Dismissal ("Application") as well as Defendants' declaration submitted in support of the Application pursuant to Local Rule 79-5.2.2(b). Defendants contend that there are compelling reasons to seal certain portions of Plaintiff's motion because it "contains proprietary and previously undisclosed information about the development, processes, and intellectual property, including source code, of one of CIG's most

valuable assets, its video game Squadron 42."[1] Goldman Decl. at ¶ 5. Compelling reasons to seal a court record exist when that record "might be used . . . as sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety*, 809 F.3d at 1096. That risk is present here. *See* Goldman Decl. at ¶¶ 7-10.

Plaintiff's Application is therefore **GRANTED**. Consistent with this Order, Plaintiff shall e-file the documents described below pursuant to Local Rule 79-5.2.2(c) within two court days of the date of this Order. To the extent that the parties intend to use the information Plaintiff describes in its Application in future briefs relating to Plaintiff's pending Motion for Voluntary Dismissal [Doc. # 91], the parties need not file new applications to seal. They may instead refer to this Order.

| **Documents to Be Filed Under Seal** | **Order** |
|---|---|
| Portions of Plaintiff's Memorandum in Support of its Motion for Voluntary Dismissal of Plaintiff's Claims [Doc. # 92] at page numbers 1, 3, 4, 5, 6 | Granted |

**IT IS SO ORDERED.**

DATED: January 10, 2020

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

---

[1] Defendant contends that the "good cause" standard, rather than the higher "compelling reasons" standard applies to Plaintiff's motion. Goldman Decl. at ¶ 4 [Doc. # 98]. It is incorrect. Since the motion, which seeks the dismissal of the entire action, is "more than tangentially related to the merits of [the] case," the "compelling reasons" standard applies. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016).