Eric A. Buresh (*pro hac vice*)
eric.buresh@eriseip.com
Clifford T. Brazen (*pro hac vice*)
cliff.brazen@eriseip.com
Chris R. Schmidt
chris.schmidt@eriseip.com
Erise IP, P.A.
7015 College Blvd.
Suite 700
Overland Park, KS 66211
Phone: (913) 777-5600
Facsimile: (913) 777-5601

Ben M. Davidson (Cal. Bar. No. 181464)
ben@dlgla.com
Davidson Law Group, a Law Corporation
4500 Park Granada Boulevard, Suite 202
Calabasas, CA 91302
Telephone: (818) 918-4622
Facsimile: (310) 473-2941

Attorneys for Plaintiff Crytek GmbH

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| CRYTEK GMBH,<br><br>Plaintiff,<br><br>v.<br><br>CLOUD IMPERIUM GAMES CORP. and ROBERTS SPACE INDUSTRIES CORP.,<br><br>Defendants. | Case No. 2:17-cv-08937-DMG-FFM<br><br>[HON. DOLLY M. GEE]<br><br>**DECLARATION OF CLIFFORD T. BRAZEN IN SUPPORT OF CRYTEK GMBH'S REPLY IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL**<br><br>DATE: February 7, 2020<br>Time: 9:30 AM<br>Courtroom: 8C |

I, Clifford T. Brazen, declare as follows:

1. I am an attorney licensed to practice law in the State of Kansas, admitted *pro hac vice* to practice in this Court, and am an attorney at the law firm of Erise IP, P.A., counsel of record for Crytek GmbH, the Plaintiff in the above-captioned lawsuit.

2. I make this declaration on the basis of personal knowledge, except where indicated otherwise.

3. Attached hereto as **Exhibit A** is a true and correct copy of an email exchange between myself and Jeremy Goldman between January 10, 2020 and January 13, 2020.

**Crytek Proposal of Appropriate Conditions on Dismissal**

4. On December 30, 2019 I met and conferred with counsel for CIG, Mr. Jeremy Goldman and Ms. Azita Iskander. During that call, I discussed Crytek's intent to proceed with its motion for voluntary dismissal. I also proposed the conditions generally outlined in Section I.A.4 of Crytek's Reply in support of its motion for voluntary dismissal. Mr. Goldman indicated that he did not believe those proposed conditions would be acceptable to his client.

5. On January 14, 2020 I, along with my partner Mr. Eric Buresh met and conferred with CIG's counsel following the parties' status conference with the Court on January 10, 2020. During that call, Mr. Buresh again communicated Crytek's proposed conditions to CIG's counsel. CIG's counsel again rejected Crytek's proposed conditions.

**Crytek's is not Seeking Damages Based on a Theory of Lost Profits Related to its Own-Developed Games**

6. On January 10, 2020 I followed up with Ms. Iskander through email regarding a meet and confer the parties held on December 31, 2019 regarding Crytek's objections and responses to CIG's written discovery. In that correspondence, I

DECLARATION OF CLIFFORD T. BRAZEN IN SUPPORT OF CRYTEK GMBH'S REPLY
IN SUPPORT OF ITS MOTION FOR VOLUNTARY DISMISSAL
1

reiterated a number of Crytek's objections to CIG's outstanding requests for production.

7. Among other objections, I reiterated Crytek's objections to CIG's Request Nos. 148, 150, 151, 154, 160, 162, 164, and 166 which sought documents relating to Crytek-developed games. I stated:

> Regarding RFP Nos. 148, 150, 151, 154, 160, 162, 164 and 166, Crytek maintains that documents related to Crytek's developed games have no relevance to Crytek's damages resulting from CIG's removal of Crytek's credits from Star Citizen, and Crytek will confirm that it is not and will not seek damages based on a theory that it has lost sales of its Crytek-developed games as a result of CIG's removal of Crytek's credits from Star Citizen. Please let me know if this resolves the parties' dispute over these Requests for Production.

8. In the next paragraph of my email, I reiterated Crytek's objections to CIG's Request Nos. 152 and 155 which generally sought Crytek's general financial information:

> Regarding RFP Nos. 152 and 155, similar to the requests above, Crytek maintains that the request for its profit and loss statements, income statements and/or equivalent documents as well as its balance sheets and statements of cash flow is over broad and has no relevance to Crytek's claim for damages. Crytek's general financial documents include financial information that has no relation to its licensing business, including all the Crytek developed game information Crytek has already objected to producing above. Moreover, Crytek has already confirmed that Crytek is not seeking damages on a theory of lost profits. Thus, the general financial documents requested by CIG in RFP Nos. 152 and 155 are overbroad and irrelevant, and Crytek will not endeavor to collect and produce them.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 24, 2020.

Clifford T. Brazen